## JOHN H. CHESNEY

*v.*

## H. W. MEADOWS et al.

INSTRUCTION—*partial recital of the facts.* It is error, in instructing the jury upon the credibility of a witness, to tell them they have the right to take into consideration the contradictory statements of a party as a witness, setting them forth, without calling their attention to the explanation given as to the error or mistake in the prior statements, as giving undue prominence to a portion only of the evidence. If the facts are recited, it should be of the whole of them, that all may be considered together.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellant.

Mr. F. S. MURPHY, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit by John H. Chesney against Henry W. Meadows and M. C. Meadows, brought October 5, 1875, upon a promissory note, as follows:

"$104.38                    *Abingdon, Ill., November* 7, 1859.

On or before the first day of March, we promise to pay to the order of John H. Chesney $104.38, at ten per cent from date until paid.   Value received.

(Signed)        H. W. MEADOWS,<br>M. C. MEADOWS."

—which resulted in a verdict and judgment for the defendants, and the plaintiff appealed.

The defense was an alleged failure of consideration in that the note was given in consideration that the plaintiff would arrange and pay a certain judgment, of even date with the note, against Henry W. Meadows, which the latter had confessed in favor of one M. W. Smith, before S. H. Richey, a justice of the peace, for $100 and costs; that the plaintiff did not arrange and pay the judgment, but, on the contrary, the said Henry W. Meadows had been obliged to and did pay the same upon execution which had been issued thereon November 30, 1859.

The verdict, under the evidence, is quite unsatisfactory to us.   There was but the testimony of the defendants themselves as to the note having been given on account of the judgment in favor of Smith before the justice of the peace, Richey.   They say that the plaintiff, Chesney, controlled that judgment, but why he should have done so, does not appear.   They will not

say that his name was in any way connected with the note on which that judgment was rendered, but state the impression that it was. On the contrary, Richey, the justice of the peace, states that Chesney did not control the judgment, but that Smith did; that the note was left with him by Smith; that Chesney had nothing to do with it or the judgment; that his name was not connected with the note upon which the judgment was rendered, and that he sent the money, when collected, to Smith. The judgment in favor of Smith was for a different amount from that of the note in suit, the judgment being for $100.60, debt and costs, and the note for $104.38. The plaintiff testified that he never had any claim to the judgment of Smith against Meadows, or knew anything about it until at the trial of the present suit; that the note on which the Smith judgment was rendered was given by H. W. Meadows to Smith; that Smith counseled him in regard to suing the note; that the note upon which the present suit was brought was given by the defendants for two notes against Henry W. Meadows, which plaintiff held and had placed in the hands of Samuel Lewis, a justice of the peace, to be sued. Lewis confirmed this by his testimony that the two notes were so placed in his hands, and subsequently withdrawn by plaintiff, before suit, for the purpose of being arranged by J. C. Meadows going security for their payment.

The court below, on behalf of the defendants, gave the following instruction to the jury, which is assigned as error:

"3. In passing upon the weight of evidence, and where it rests, the jury have a right to take into consideration the claims of the plaintiff on the last trial that it was given for two notes sued on, and put into judgment on Esq. Alex. Latimer's docket; his claim that it was for a balance on account on his books, and at the present trial that the note was given for two notes placed in Esq. Lewis' hands, and taken up (if the proof shows he had made such claims at different times,) as tending to weaken the plaintiff's theory as to what was the consideration of the note."

This instruction was improper. This court has frequently condemned the practice of selecting isolated portions of the evidence and giving them prominence by calling the attention of the jury especially to them. *Frame* v. *Badger*, 79 Ill. 441, *Evans* v. *George*, 80 id. 51, and other cases.

This partial rehearsal of the evidence in a written instruction, which the jury take with and have before them in their retirement, gives to it, in being thus presented, an undue advantage over the other evidence in the case, which rests only in the memory of the jury.

It has a tendency to mislead the jury into giving undue prominence to the evidence so selected, as being that to be relied on, and sinking out of sight other testimony important to be considered in connection with it, in order to estimate its true force. It was not a fair presentation of the evidence here as to the contradictory statements, by giving that portion of it recited in the instruction without regard to the remainder, to-wit: that plaintiff stated at the former trial only what he thought upon the subject, but that, since then, he had examined his books and papers and had found out just how the matter stood. In fairness, this whole testimony should have been presented so as to be considered together, in determining the effect upon the credibility of the supposed contradictory statements.

By our statute, the court, in charging the jury, may only instruct as to the law of the case. In doing that, it was enough to have stated to the jury, in general, the law upon the subject of contradictory statements as affecting the credibility of a witness, without the partial recital, which the instruction contained, of the evidence upon the subject of the alleged contradictory statements.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*