OSCAR D. FITZGERALD, Respondent, v. THE CHICAGO, ROCK ISLAND & PACIFIC RY. Co., Appellant.

Kansas City Court of Appeals, June 15, 1885.

RAILROADS—NEGLIGENCE.—To hold a railroad company liable for injuries to live stock, inflicted within the corporate limits of a city and near its depot, the plaintiff must prove actual negligence on the part of the company, as for instance, that after the stock was discovered, the company could, without imperiling the persons or property intrusted to it for transportation, have avoided the injury. Following *Wallace v. St. L., I. M. & S. Ry. Co.*, 74 Mo. 594.

APPEAL from Clinton Circuit Court, HON. GEO. W. DUNN, J.

*Reversed and remanded.*

Statement of case by the court.

This is an action for killing plaintiff's cow in the town of Lathrop. The evidence showed defendant's track to be straight and the view unobstructed up and

down the track for one-fourth of a mile each way from the point of contact with the animal. Plaintiff's witness, Mrs. Collet, says: "The cow was struck about twenty-five yards north of the Wabash crossing. I then lived on the west side of the Hannibal & St. Joseph railroad track. The depot and elevator are sixty-five or seventy yards apart, and the platform of the depot comes up to the Hannibal & St. Joseph railroad track. The cow was near the track, and the train whistled just as it crossed the Wabash track. Don't know whether the train stopped south of the crossing. The cow stood only a few steps from the engine when it approached her. A person on the engine could not have seen the cattle when they were between the depot and the elevator, until they got to the Wabash crossing, and that was as near to the cattle as across this room, I mean the court room from this end to the other. At the speed this train was running, the engineer could not have stopped after the cow got on the track. I think the engineer could have seen the cow about fifty or sixty yards away from the track, a long distance before they got to the crossing. The depot stands east of the track, and has a west platform next to the track. The cow got on the track just as the engine struck her. She was attempting to cross the track immediately in front of the engine and was struck as soon as she got on the track."

M. A. Low, for the appellant.

I. At such a point (the outskirts of a town) no rate of speed is *per se* negligence, in the absence of statutory or municipal regulation. *Powell v. R. R.*, 76 Mo. 80; *Wallace v. R. R.*, 74 Mo. 594; *Bell v. R. R.*, 72 Mo. 50; *Lord v. R. R.*, Sup. Ct. Mo., not yet reported.

II. The evidence does not tend to show that if the train had been running at a less rate of speed, it could have been stopped in time to save the animal. *Wallace v. R. R.*, *supra*.

III. There was no necessary connection between the rate of speed and the injury to the cow. *Powell v. R. R.*, 76 Mo. 82.

IV. The finding of the court was against the evidence. If there were circumstances requiring the engineer to apprehend danger, and requiring him to take measures to prevent it, they should have been shown. But there is a total absence of any such showing here. *Young v. R. R.*, 79 Mo. 336.

THOS. J. PORTER, for the respondent.

The trial court, sitting as a jury, weighed the evidence and reconsidered it on a motion for a new trial, arriving at the same conclusion each time, under conditions most favorable for reaching a just conclusion. It is believed this court will not hold that he erred, much less that the judgment is unsupported by any evidence.

Opinion by ELLISON, J.

We think this case, under the statement in evidence, is directly controlled by that of *Wallace v. Ry. Co.* (74 Mo. 594). "The injuries occurring, as they did, within the corporate limits of a city, it devolved on plaintiff in order that he might recover, to show that the actual negligence of the railroad company caused such injuries." *Ib.*

We are aware that this statement in the case cited, is criticised in *Weymore v. Railroad Company* (79 Mo. 247), but the criticism has only reference to its application to cases where there is an allegation and proof as to the lack of fencing, although in a town, where the railway company may lawfully fence. In the case before us there is nothing in the statement or proof as to fencing. There is no proof in this case to show that the defendant's servants could have safely stopped the train after discovering the cow. The evidence tends to prove the contrary. The fact of the track being straight and the view up and down for a considerable distance being unobstructed, does not help plaintiff's case, for the cow was not on the track until the instant she was struck. And, according to plaintiff's witness, the cow could not have been seen by the engineer until he was within the distance of across the room from her, on account of her

being between the elevator and the Wabash depot. It is true this witness states she thinks the engineer, when yet a long way off, could have seen the cow fifty or sixty yards away from the track. But if we are to hold that an engineer is to slow up or stop his train every time he sees cattle fifty or sixty yards off on one side of the track, we would reduce railroading below the speed of the stage coach. There is nothing to show that the cattle were, at the time the engineer might have seen them, approaching the track, standing still, or going from it.

The judgment is reversed and the cause remanded. All concur.