R. S. Judd, Respondent, v. The Wabash, St. Louis & Pacific Railway Company, Appellant.

Kansas City Court of Appeals, June 28, 1886.

1. Practice — Ordinance Admissible, Though not Specifically Pleaded.—Notwithstanding an ordinance of a municipal corporation is not specifically pleaded, it is admissible in evidence as bearing on the question of *negligence*, but not in actions *founded on the ordinance* as giving the right of action. But there is no reason for the distinction that the rule is different in different *forums*, as, for instance, that it is applicable to cases *originating* in a justice's court, and not to such as are *brought* in the circuit court.

2. ——— INSTRUCTIONS—PARTICULAR EVIDENCE.—The singling out, in an instruction, of any particular piece of evidence, has been repeatedly condemned by the appellate courts of this state, as calculated to mislead and unduly influence the jury.

3. NEGLIGENCE—WHEN THERE IS LIABILITY, BECAUSE OF—CASE ADJUDGED.—Where the animal, as here, suddenly comes upon the track of a railroad, at a point where defendant is not required to fence its road, and not at a public crossing, no negligence is imputable to the servants of defendant in managing the train, until after the animal was so entered upon the track in front of the engine. *Sloop v. Railroad, ante,* p. 593. And unless it appears that those in charge of the train could, *after* discovering the animal in front of the engine, by reasonable exertion, have checked the train, having regard to the safety of the cars and passengers, in time to have avoided the collision: there could be no recovery on the ground of negligence.

APPEAL from Carroll Circuit Court, HON. JAMES M. DAVIS, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action begun in the Carroll circuit court against the defendant, a railroad corporation, to recover damages for the injury to two horses, a buggy and harness, the property of plaintiff.

The petition alleges that the accident occurred in the town of Norborne, a municipal corporation, in Carroll county. The injury is alleged to have resulted from the negligence and carelessness of defendant's servants in charge of one of its passenger trains, in running the train against said horses and buggy; with the further averment that the train was running at a rate of speed in excess of four miles an hour, in violation of an ordinance of said town.

The answer admitted the injury to one of the horses, and tendered the general issue as to the other allegations of the petition.

The answer then pleaded, that on occasions of the injury, on the evening or night of November, 1884, there

was a large gathering of people in said town, drawn hither to receive the news of the result of the national and state elections then held. That the plaintiff came into town for such purpose, and hitched his horses, attached to his buggy, to an insecure post; and that the firing of anvils or guns, and the great excitement incident to the occasion and place, frightened said horses, and caused them to break loose, and run onto the track of defendant in front of the train, where the injury occurred, without any fault or ability on the part of its servants in charge of its train to avert the collision.

There is no substantial disagreement in essentials between the testimony of witnesses in this case. The evidence shows that the plaintiff drove his team into Norborne that evening and hitched it, as he supposed, securely to a post. He and wife had come in to meet their son who was to arrive at this station on the train in question. The train came in a little late, about dark. It halted at the depot, and after plaintiff had met his son, and turned to go to his team, the anvils, in clebration of the results of the election, began firing. Apprehending trouble, he hastened to where he had left his team, and found it gone. The post to which they were attached, was broken off, and carried away by the frightened horses. They ran towards the railroad track, just as the train pulled out from the depot, and, rushing across the track in front of the cars, passed northward; and, instead of going on, the horses suddenly circled around, and, passing in front of the cars, were struck, or, at least, one of them, and killed. The other was found near the track, and its leg torn. Whether this injury to the latter horse was occasioned by the train, or the hitching post, which he dragged after him, is not clear. This horse afterwards died, or was killed to end his suffering. The evidence showed that the train was running at the rate of about six or eight miles an hour. The evidence also tended to show that it would require about seventy or more feet in

which to bring to a stop a train running at that speed, and that it would require about the same time in which to stop one running at four miles per hour. There was no evidence, of a tangible character, on the part of the plaintiff, to show that the engineer failed to use every available effort to check his train after discovering the last attempt of the team to re-cross his track. The engineer testified, without contradiction, that the team when it first appeared, crossed clear of the track, running north, and he supposed it had gone on, but, suddenly, it reappeared and ran immediately in front of his engine, and, despite the fact that all the available means at his command were put forth to avoid the injury, after he discovered the danger, the horse was struck.

The jury returned a verdict for plaintiff for the value of the horses, and the injury to buggy and harness. Defendant has appealed.

GEO. S. GROVER, for the appellant.

I. This action having been commenced in the *circuit court*, the ordinance relied upon should have been pleaded by its title, or the date of its passage, or the subject matter set out in the petition. Not having been thus pleaded, it was error to permit plaintiff to introduce it in evidence, and to make its violation the basis of a recovery. *Cox v. St. Louis*, 11 Mo. 432 ; *State v. Odle*, 42 Mo. 210 ; *Apitz v. Railroad*, 17 Mo. App. 419.

II. The organization of the town of Norborne being a matter of record, oral testimony concerning such organization was inadmissible. Rev. Stat., sects. 4385, 4932, 4933 ; *Volger v. Heidel*, 60 Mo. 284; *Mabley v. Nave*, 67 Mo. 546; *City of Hopkins v. Railroad*, 79 Mo. 98.

III. As no negligence in the management of the train was shown, the jury should have been instructed to find for defendant. *Wallace v. Railroad*, 74 Mo. 594 ; *Lord v. Railroad*, 82 Mo. 139 ; *Harlan v. Railroad*, 17

Mo. App. 483; *Welch v. Railroad*, 20 Mo. App. 417; *Railroad v. Rice*, 71 Ill. 567.

IV.   The instructions given for the plaintiff were not based upon the evidence, and were misleading and prejudicial.   *Turner. v. Railroad*, 51 Mo. 501; *Ragsdon v. Trumbo*, 52 Mo. 35; *Lester v. Railroad*, 60 Mo. 265; *Bell v. H. & St. J. Ry.*, — Mo. —.

V.   The instructions asked by defendant and refused by the court, properly declared the law.   Authorities cited, *supra*.

HALE & SONS and SEBREE, for the respondent.

I.   The petition charges, *generally*, that the animals were killed by *negligence* of the servants of defendant, and superadding thereto a *special* allegation of negligence, to-wit: that the train was running in violation of a town ordinance, was good pleading.   *Mac v. Railroad*, 77 Mo. 224.   Plaintiff would have had the right to rely *solely* on the violation of the ordinance and other general acts of negligence for recovery.

II.   Defendant's *first* instruction refused, numbered *two*, was properly refused, because there was evidence *tending* to show negligence and sufficient to go to the jury.   So as to the one numbered *three*, it is absurd and misleading, and was the converse of the *first* instruction given for it and embodied the same idea.   So as to one numbered *four*, it singles out certain parts of the testimony, and is a commentary on the evidence.   So as to that numbered *six*, because there was no fact in evidence that would authorize the court to declare said ordinance void, as a matter of law; and so, for the same reasons, the *seventh* instruction.

III.   The *substance* of the ordinance was sufficiently set out, and defendant was fully apprised of the nature of his defence arising on said ordinance.   This suit is not founded *solely* on said ordinance, but the violation of it is simply alleged as an element of negligence.

IV.   As to the organization of the town, defendant

only objected *generally* to the evidence by *parol*. In the absence of defendant specifying its reasons for objecting to parol proof, the evidence was competent. *Buckley v. Knapp*, 48 Mo. 153; Dill. Mun. Corp. (10 Ed.) 97.

V. Defendant did not make any *affidavit* that they were misled or surprised. *Turner v. Railroad*, 51 Mo. 501; *Lester v. Railroad*, 80 Mo. 205.

VI. On the whole case the law was correctly declared.

PHILIPS, P. J.—I. The sole issues in this case were, first, was there any culpable act of negligence on the part of the servants of defendant in charge of the train? and, second, was there any necessary or reasonable connection between the negligent act and the injury?

The principal act of negligence relied on by plaintiff is the fact that defendant, at the time of the collision, was running its train at a greater rate of speed than four miles an hour, in violation of an ordinance of the town of Norborne. Such an ordinance was offered and read in evidence by plaintiff, over the objection of defendant. The ground of this objection is, that the ordinance was not sufficiently pleaded in the petition to admit it in evidence.

In *Robertson v. Wabash, etc., Ry. Co.* (84 Mo. 121), it is held that, notwithstanding such ordinance is not specifically pleaded, it is admissible in evidence, as bearing on the question of negligence. This ruling we have followed in *Riley v. Railroad* (18 Mo. App. 385), and *Nutter v. Railroad* (*ante*, p. 328).

It is suggested by defendant's counsel that all these decisions were predicated of actions originating in a justice's court, where no formal pleadings are required; whereas, this action was brought in the circuit court, where the cause of action, or rather the facts constituting it, must be fully set forth. We are referred in support of this position to the following adjudications: *Cox v.*

*City of St. Louis*, 11 Mo. 432 ; *Mooney v. Kennet*, 19 Mo. 551 ; *State v. Odle*, 42 Mo. 210.

It is to be observed, however, that in all of these cases, the action was founded on the ordinance, as giving the right of action. This is the distinction noted by Martin, C., who delivered the opinion in *Robertson v. Railroad, supra*. I am unable to perceive any reason for the distinction suggested as to the different forums in which the action may be brought, when the ordinance is offered in evidence, not for the purpose of giving a cause of action based thereon, but merely as evidence tending to support the general allegation of negligence.

The allegation made in this petition, that the rate of speed was in excess of that prescribed by an ordinance of the city, was sufficient to admit the proof, not as conclusive of the fact of negligence, but only, as said. by Martin, C., *supra*, as " a fact bearing upon the conduct of the managers of the train, and whether defendant was guilty of negligence at the time and place, resulting in loss to the plaintiff."

Defendant also assigns for error, the action of the court in admitting parol testimony of the existence of the municipal organization of the town of Norborne, It is sufficient to say, that the defendant made no specific objection, at the time, to the introduction of this evidence. His objections were too general. *Johnson & Collins v. Railroad, ante*, p. 597.

II. As the action was not founded on the ordinance, the instructions of the court predicated on the existence of the ordinance, and especially directing the. attention of the jury to it as a fact in the case, were erroneous. This stood as any other fact in evidence bearing upon the question of negligence. The singling out in an instruction of any particular piece of evidence, as was done in this case, has been repeatedly condemned by the appellate courts of this state, as calculated to mislead and unduly influence the jury.

III. The third instruction, given on behalf of plain-

tiff, told the jury, *inter alia*, that "if said team came and were upon said track of defendant in such a manner that it could have been seen by those in charge of defendant's engine, that those in charge of said engine could see, and by the use of ordinary care might have seen and known that said team was entangled or fastened upon said track, and under the control of no one, and if those in charge of said engine negligently ran the same upon and over said horses and carriage, then the plaintiff is entitled to recover." This instruction should not have been given in this form. There was no evidence so far as disclosed by the record before us, to support the inference that the "team was entangled or fastened upon said track."

The only foundation for such an assumption can be found in the deposition of the witness Beard, introduced by plaintiff for the purpose of contradicting the witness McCormack, who testified in behalf of defendant. No mere opinion, or statement, outside of court, of a section hand, could bind or affect the defendant. There was scarcely any foundation laid for the contradiction, and if there had been, the testimony was admissible only for the purpose of impairing the testimony of the witness McCormack. It was not proof of the existence of the fact.

This instruction, in common with others given on behalf of the plaintiff, is furthermore faulty in employing the language : "if the engineer, by the use of ordinary care, might have seen and known that said team was entangled," etc. As applied to the facts of this case, such an instruction should not be given. Where the animal, as here, suddenly comes upon the track, at a point where defendant was not required to fence its road, and not at any public crossing, no negligence is imputable to the servants of defendant in managing the train until after the animal has so entered upon the track in front of the engine. *Sloop v. Railroad*, 22 Mo. App. 593, and *Flannery v. Railroad, post*, p. ——.

IV.   It is a fruitless contention against the irreversible logic of established facts to attempt to predicate a right of recovery in this case on the hypothesis that the engineer should have anticipated danger from a return of the horses to his track after they first crossed.   All the facts and circumstances tended to show that the horses had become terribly alarmed at the firing of the anvils, and they ran rapidly to and over the track just as the train was leaving the station.   The engineer very naturally would suppose that after the team had crossed his track going north it would pursue its course, with or without a driver.   He had no reason to apprehend that the horses would perform so eccentric a movement as to turn from their course and circle around almost immediately in his front.   All that reason and common sense could exact of the engineer, under such circumstances, would be to require him to do what he could, after discovering the perilous situation, to avoid the collision, having supreme regard to the safety of his train and of the passengers committed to his care.   Had the train been running at the rate of speed prescribed by the ordinance, there is nothing in this record to warrant the inference that it was possible for the engineer to check up in time to have avoided the accident.

V.   Without undertaking to review, in detail, the instructions, we will say that, in the event of a further trial, the court should instruct the jury, that, under the facts and circumstances in evidence, no negligence, contributing to this injury, is imputable to the engineer and servants of defendant in charge of the train, prior to the time they discovered the horses attempting to cross, or on, the track in front of the engine ; and, unless the jury find from the evidence, that those in charge of the train could, after thus discovering the horses in front of the engine, by reasonable exertion, have checked the train, having regard to the safety of the cars and passengers, in time to have avoided the collision, they should find for the defendant.   This is the real issue in this case, and

without the requisite proof of negligence on the part of the engineer, as above indicated, the court should direct a verdict for the defendant.

In view of the fact that defendant had no sort of agency in frightening the horses, in the first instance, and sending them in the path of danger, the plaintiff should be held to make out his case against the defendant.

The judgment of the circuit court, the other judges concurring, is reversed, and the cause remanded.