GUTHRIE GRANT, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, March 28, 1887.

1. RAILROADS—KILLING STOCK—DUTY OF RAILROADS AS TO CARE —It is the settled law in this state, that, where cattle are standing or moving about near a railroad track, but not at any crossing, the servants in charge of an approaching train of cars are not required to either slacken the speed of the train or to sound the alarm signals, and that no negligence is properly chargeable against the railroad until after its servants discover, or when it may be presumed, from all the facts and circumstances in evidence, that they had discovered that such animal had passed on to the track, or was making such movement thereto as to induce a reasonable person to apprehend that the animal is about to enter thereon. *Then* it becomes, *and not until then*, the duty of such servants to put forth every effort at their command to avoid a collision, having regard, in checking or managing the train, to its safety and that of the passengers.

2. Practice—Instructions—Office of.—It is the office of the instructions to advise the jury of what the issues are, and what *facts* are essential to be found by them. They should not be told, that if they find that the act was done, "as charged in the petition," etc.

3. ——— Taking of Case From Jury—Duty of Trial Court as to Issues.—Where there is evidence from which the jury might reasonably infer facts in support of plaintiff's claim, the court should not take the case from the jury. But where such evidence is very slight, the court should give instructions which would clearly *guide* the jury as to the real issues in the case.

Appeal from Clinton Circuit Court, Hon. Christopher T. Garner, Special Judge.

*Reversed and remanded.*

The case is stated in the opinion.

Thomas E. Turney and Strong & Mosman, for the appellant.

I. The court erred in giving the instructions prayed by the plaintiff. *Young v. Railroad*, 79 Mo. 336; *Welch v. Railroad*, 20 Mo. App. 477. It is not proved that, at any time after the engineer could see the cow, she was moving towards the track. But it is proved that she first went upon the track directly in front of, and only a few feet distant from the engine. The negligence, then, if any, was after the cow came upon the track, and not when the engineer, "by the exercise of ordinary care, skill, and prudence, could have seen" her, or did see her. *Wallace v. Railroad*, 74 Mo. 594; *Young v. Railroad, supra; Fitzgerald v. Railroad*, 18 Mo. App. 391; *Milburn v. Railroad*, 21 Mo. App. 426; *Welch v. Railroad, supra*. This instruction is bad, in that "the jury are referred to the pleadings to find the issues." *Remler v. Shenuit*, 15 Mo. App. 196; *Edelman v. Transfer Co.*, 3 Mo. App. 506; *Butcher v. Death*, 15 Mo. 272. "It is the duty of the *nisi prius* court, to tell the jury what are the issues to be tried by them, and it is error to refer them to *the pleadings* for

this information." *Cocker v. Cocker*, 2 Mo. App. 458-9 ; *Priesker v. The People*, 47 Ill. 382 ; *Railroad v. Britz*, 72 Ill. 256; *Chaney v. Meadows*, 90 Ill. 430. This instruction is bad, in that it confounds together two different and irreconcilable tests of negligence, and thus failed to guide the jury. It also usurps the province and power of a jury, in that it declares certain facts if found, negligent and culpable, regardless of circumstances. *Judd v. Railroad*, 5 West Rep. 69 ; s. c., 23 Mo. App. 56 ; *Duffy v. Railroad*, 19 Mo. App. 382.

II.   The demurrer to the evidence should have been sustained.   There is not the slightest evidence of negligence in the management of the train, but there is evidence, supplied by the plaintiff himself, that, as soon as the cow started to go upon the track, the whistle was sounded for stock, and the airbrakes were applied—that is, that all was done that could be, to avoid a collision.   The injury was in town and switch limits, and negligence must be proved. *Wallace v. Railroad*, 74 Mo. 594, and cases cited ; *Fitzgerald v. Railroad, supra*.   Failure to ring the bell or sound the whistle at the place of the accident was not negligence. *Potter v. Railroad*, 18 Mo. App. 694 ; *Sloop v. Railroad*, 22 Mo. App. 593.   The rate of speed was not. *Powell v. Railroad*, 76 Mo. 80 ; *Young v. Railroad, supra ; Lord v. Railroad*, — Mo. ——; *Potter v. Railroad, supra ; Sloop v. Railroad, supra.*   The evidence shows affirmatively that there was no connection between the injury and the rate of speed, or that of the failure to ring the bell or sound the whistle. *Stoneman v. Railroad*, 58 Mo. 503 ; *Holman v. Railroad*, 62 Mo. 562.

III.   The defendant's instruction should have been given.   The evidence introduced by the defendant does not contradict that introduced by the plaintiff, but supplies omissions in that evidence ; and both together give a history of the injury and its surroundings, which is wholly inconsistent with negligence in those running the train.   Authorities, *supra.*

IV.   The motion for a new trial should have been sustained.   Authorities *supra*.

No brief for the respondent.

PHILIPS, P. J.—This is an action to recover damages against the defendant railroad company, for killing a cow.   The accident occurred inside the corporate limits of the town of Lathrop, not at any street crossing, and about one thousand feet from the depot.   The negligence imputed is at common law, in negligently and carelessly running and managing the train of cars.

The evidence tended to show that the cow, as the train approached the city limits, was not on the track, but was standing a little distance from it.   At what precise time, relative to the approach of the train, she moved on to the track in front of the engine, is left in much doubt by the evidence ; and whether the engineer or fireman saw her in time, or could have seen her movement in time, even had they been looking out for such an event, to have checked up the train and avoided the injury, with safety to the train and passengers, is left in still greater doubt.   The evidence upon these important points is most meager.

The court refused to sustain a demurrer to the evidence.   It gave on behalf of plaintiff the following instruction :

" The court instructs the jury that, if they believe from the evidence that the persons in charge of the engine and train of cars in question, by ordinary care, skill and prudence, could have seen the cow, or that they did see her in season, so that, by the use of ordinary care and skill, they might have avoided the injury, and did not do so, this would be such negligence as would render the defendant liable for the injury and damages sustained by the plaintiff, provided the jury believe, from the evidence, that the cow was killed or injured as charged in the petition, they should find ver-

dict for plaintiff and assess his damages at whatever sum the evidence established the cow to be worth at the time of the injury."

The jury returned a verdict for plaintiff. Defendant has appealed.

I. The foregoing instruction, as applied to the facts of this case, cannot be upheld. It is the settled law, as we understand it, in this state, that, where cattle are standing or moving about near a railroad track, at a point like the one in question, the servants in charge of an approaching train of cars are not required to either slacken the speed of the train or to sound the alarm signals ; and that no negligence is properly chargeable against the railroad, until after its servants discover, or when it may be presumed, from all the facts and circumstances in evidence, they had discovered that such animal had passed onto the track, or was making such movement thereto as to induce a reasonable person to apprehend that the animal is about to enter thereon. Then it becomes, and not until then, the duty of such servants to put forth every effort at their command to avoid a collision, having regard, in checking or managing the train, to its safety and that of the passengers. *Young v. Railroad*, 79 Mo. 336; *Welch v. Railroad*, 20 Mo. App. 477; *Fitzgerald v. Railroad*, 18 Mo. App. 391; *Milburn v. Railroad*, 21 Mo. App. 426; *Sloop v. Railroad*, 22 Mo. App. 596; *Judd v. Railroad*, 23 Mo. App. 56.

The most favorable construction to the plaintiff that can be put upon the instruction is, that it authorized the jury to find for the plaintiff, if they believed from the evidence that the servants in charge of the train could have seen the cow, by the exercise of ordinary care, etc., and could have avoided the injury by such care and skill, and failed to do so ; or they might find for the plaintiff, if they believed, etc., that the servants did see the cow in season, so that, by the exercise of ordinary care and skill, they might have avoided the acci-

dent, and failed to do that. The instruction in either aspect is faulty, in entirely overlooking the question as to whether the cow was on or near the track when discovered. Under this instruction the jury might well have felt authorized to find the requisite negligence, if the servants saw the cow anywhere near the track, and failed to stop or check up the train, regardless of any indication of a movement on her part to approach the track. It also ignores the other important element, that any effort to avoid the collision should have been exerted with reference to the safety of the train and the passengers. *Judd v. Railroad, supra.*

The instruction is likewise faulty in referring the jury to the pleadings, or petition, to find that the cow was killed as therein charged. It is the office of the instructions to advise the jury what the issues are, and what facts are essential to be found by them. They should not be told that, if they find that the act was done "as charged in the petition." *Remmler v. Shenuit,* 15 Mo. App. 192; *Butcher v. Death,* 15 Mo. 272; *Cocker v. Cocker,* 2 Mo. App. 459; *Peisker v. People,* 47 Ill. 382; *Railroad v. Britz,* 72 Ill. 256; *Cheeney v. Meadows,* 90 Ill. 430; *McGinnis v. Railroad,* 21 Mo. App. 399.

II. Criticism is also made on this instruction, because it does not limit the amount of recovery to the sum sued for in the petition. This would not avoid the verdict in this case, because the jury found a sum less than that asked for, and less than the evidence showed to be the value of the cow.

III. We do not feel warranted in holding that the trial court should have taken the case from the jury. The evidence is most meager, and to our minds quite unsatisfactory, to sustain a verdict for the plaintiff. But there is some evidence from which the jury might reasonably infer that the cow was seen in time to have saved her. It is so slight, however, that the trial court, in sending the case to the jury, ought to give the defend-

ant instructions which would clearly guide the jury as to the real issues in the case.

Judgment reversed and the cause remanded. Ellison, J., concurs; Hall, J., absent.