JOHN SENATE, Respondent, v. THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 12, 1890.

Negligence : KILLING STOCK AT DEPOT : INSTRUCTION. In an action against a railroad company for killing stock at a depot, it is the duty of those operating the train, if they discover the perilous condition of the stock in time to avert the injury to use every reasonable effort at their command consistent with the safety of the

train, etc., but if they failed to do so, and injury thereby resulted, then plaintiff is entitled to recover ; and an instruction failing to advise the jury as to the constituent elements of negligence in this case is erroneous.

*Appeal from the Sullivan Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*E. J. Broaddus*, for appellant.

(1) There was no evidence in this case tending to show that the animal was seen in time to have avoided the injury, and the respondent was not entitled to recover. *Young v. Railroad*, 79 Mo. 336. (2) It does not appear, even if the engineer had seen, or could have seen, the animal as she came upon the track, that it was possible to have stopped the train with safety, in order to avoid the injury. *Maher v. Railroad*, 64 Mo. 267. (3) There being no evidence of negligence it was the duty of the court to say so to the jury. *Lord v. Railroad*, 82 Mo. 139 ; *Sloop v. Railroad*, 22 Mo. App. 593. (4) It was the duty of the court to instruct the jury as to what constituted negligence. *Ravenscraft v. Railroad*, 27 Mo. App. 73 ; *Goodman v. Railroad*, 75 Mo. 73 ; *Yarnall v. Railroad*, 75 Mo. 583.

*E. C. Eubanks*, for respondent.

GILL, J.—Plaintiff had a judgment in the court below against defendant for the value of a mare run over and killed by defendant's train of cars at a station known as Harris, on defendant's railroad. From said judgment defendant has appealed. It seems that plaintiff resided quite near the depot and switchyards at said station ; that he permitted the mare to feed on the commons thereabouts, and, at the time in question, she appeared on the grounds of defendant's railroad, and was

run over and killed by a passing freight train, which did not stop at Harris. No claim is made that the mare entered on the track, or was killed, at a point on said road where defendant was legally bound to fence, nor at a point where the defendant may have lawfully fenced its track. Hence, the case must rest upon the claim of actual negligence. The evidence, most strongly stated for the plaintiff, and which, it seems, was relied upon to sustain the action, was that the mare entered upon the track some two hundred feet ahead of the passing train, that, being frightened, she ran in advance of the locomotive for about four hundred feet, when she was overtaken at a cattle-guard, where she was caught and killed. There is no evidence that the engineer saw the mare as she was being chased by the train, except that some witness testified that he heard the alarm whistle sounded just before the mare was killed, and the further circumstance that the mare's condition could have been seen by those managing the train for a distance of several hundred feet from where she entered upon the track.

This, then, is clearly of that class of cases where the railroad company is liable only for a failure to make every reasonable exertion to avoid injury to the animal *after discovering* its perilous condition. See *Jewett v. Railroad*, 38 Mo. App. 48, and cases there cited. The trial court gave to the jury, however, at the request of plaintiff, instruction to the following effect: "That, if the jury believe from the evidence that plaintiff's mare" was struck and killed, etc., "and that said striking of said animal was caused by defendant's agents and servants in charge of said engine and train by *carelessly and negligently* running the same over, and against, said mare, then, and in that event, they must find their verdict for the plaintiff." It will be noticed that the court, by this instruction, failed to advise the jury as to the constituent elements of negligence in the case, but left the jury to determine for themselves as to what

facts would make good the charge of negligence against defendant. This was clearly erroneous. *Yarnall v. Railroad,* 75 Mo. 583. The jury should have been told that, if those operating the train discovered the perilous condition of the mare in time to have averted the injury by the use of every reasonable effort at their command consistent with the safety of the train, etc., but failed to do so, and injury thereby resulted, then plaintiff might recover. *Grant v. Railroad,* 25 Mo. App. 231; *Young v. Railroad,* 79 Mo. 341. Neither was the error on the part of the court cured by any other instruction. It results, therefore, that the judgment must be reversed, and the cause remanded for a new trial. All concur.