RHINEHART, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 18, 1908.

1. RAILROADS: Negligence: Pleading: Instruction. In an action against a railroad company for damages for negligently killing plaintiff's mare, where it was alleged that the mare became frightened at the defendant's train, broke away from her fastening, ran along the right of way and, attempting to cross the track, was killed on account of the negligence of the employees of the defendant operating such train in failing to exercise due care to stop the train before overtaking her, and where the evidence showed that the mare never got upon the track but dashed into the side of the train, and if the defendant's employees were negligent it was in failing to prevent injury to her in that manner after they should have taken care to avert it, instructions which did not preclude a recovery on such negligence not alleged but of which there was some proof, and at the same time permitted a verdict on the negligence alleged as above stated but of which there was no proof, were erroneous.

2. ———: Animals: Habits of Animals. The known habits of animals must be taken into consideration by operatives of trains, and where it would be apparent to a person of reasonable care that an animal is likely to be killed or injured in consequence of running against a train, what reasonably can be done to prevent an accident ought to be done by the operatives of the train.

3. ———: ———: **Negligence.** And where an animal broke
from its fastenings on account of being frightened by a train,
the duty of the operatives of the train to exercise care to avoid
an accident would not arise by merely seeing the animal break
away nor until her fright and other circumstances were such as
would have warned a prudent person that the continued move-
ment of the train was likely to cause an accident.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside,*
Judge.

REVERSED AND REMANDED.

*L. F. Parker, W. F. Evans* and *Woodruff & Mann*
for appellant.

(1)   The court should have sustained defendant's
demurrer to the evidence, because there was no negli-
gence shown on the part of defendant's employees in
charge of the train.   Lowe v. Railroad, 32 South. 907;
Railroad v. Roberts, 91 N. W. 707; Railroad v. Ganote,
13 A. & E. R. R. Cas. (O. S.) 519; Warren v. Railroad,
59 Mo. App. 367; Revenscraft v. Railroad, 27 Mo. App.
617; Grant v. Railroad, 25 Mo. App. 227; Railroad v.
Howerton, 30 A. & E. R. R. Cas. (N. S.) 554.   (2) The
court erred in giving instruction number one asked by
plaintiff:   Because said instruction is erroneous in that
it fails to define negligence as used therein.   Senate
v. Railroad, 41 Mo. App. 295; Goodwin v. Railroad, 75
Mo. 73.   (3)   The court erred in refusing to give de-
fendant's requested instruction number three, because
by that instruction defendant simply requested the court
to tell the jury that if they believed the mare was killed
in another manner than that plead in the petition, which
was that defendant's employees did carelessly and negli-
gently run said engine and train of cars upon said mare,
and killed same, then, if said mare was killed in another
manner, the finding should be for defendant.   Gurley
v. Railroad, 93 Mo. 445; Bromley v. Hudson Lumber
Co., 104 S. W. 1134; Feary v. Met. St. Ry., 162 Mo. 96;

Ferguson v. Railroad, 123 Mo. App. 590; Chitty v. Railroad, 148 Mo. 64; Bartley v. Railroad, 148 Mo. 124; Price v. Railroad, 72 Mo. 414; Waldhier v. Railroad, 71 Mo. 514; Ely v. Railroad, 77 Mo. 34; Leslie v. Railroad, 88 Mo. 50; Yarnell v. Railroad, 113 Mo. 570; McManamee v. Railroad, 135 Mo. 440.

*Lamar & Arthur* for respondent.

The court did not err in overruling defendant's demurrer to the evidence, because this is an action at common law, and the defendant is liable for an injury done to plaintiff's mare, in any manner, caused by the negligence of its servants and agents, actual collision is not necessary to a recovery in such cases.    Boggs v. Railroad, 18 Mo. App. 277; Hill v. Railroad, 49 Mo. App. 535; Hill v. Railroad, 66 Mo. App. 185, 121 Mo. 482; Lowry v. Railroad, 40 Mo. App. 558.    The court did not err in giving instruction numbered one on behalf of plaintiff, because the undisputed testimony was that the engineer saw the mare and could have stopped the train, without the possibility of any injury to anything or person, and let the mare pass to the east side of track uninjured.    Where there is no conflicting testimony as to any question of fact, it is error for the court to submit such questions to the jury by instructions.    Harrison v. White, 56 Mo. App. 175; Speak v. Dry Goods Co., 22 Mo. App. 123; Keyes v. Bank, 52 Mo. App. 329; Castor v. Railroad, 65 Mo. App. 361.

GOODE, J.—On January 19, 1906, a mare belonging to plaintiff was killed in a collision with one of defendant's trains.    Defendant operates a line of railway in Dent county, Missouri, where the accident occurred.    The scene was at Spring Creek, a stream crossed by the railway.    About four hundred yards north of the bridge are stockyards, and from these yards southward to the bridge the right of way is fenced on

the west side of the track.　　The space between the track and the fence is forty or fifty yards wide for a considerable distance but narrows to about a plank's length, or from sixteen to twenty feet, at the south end where the fence is connected with the bridge.　In front of the stockyards and on the west side of the track and running parallel with the main line, is a side track. A considerable stretch of defendant's right of way is not fenced on the east side, but this is immaterial on the question of defendant's liability as the petition counts on negligence at common law.　Persons reached the stockyards on the west side of the right of way, along a road which leads to them after passing over the tracks at a regular crossing.　Plaintiff had lent the mare to a friend who rode her to the stockyards and hitched her to a fence to stand while he helped load a car with stock.　While he was thus engaged, a train came along composed of an engine and three or four cars.　This train frightened the mare and she broke loose and ran down the ground between the tracks and the west fence toward the creek.　While running she approached the train once or twice but never near enough to get on the switch track, which, as said, was between the main track and the untracked part of the right of way.　According to the evidence the mare was not at any time in advance of the engine or on either of the tracks.　She appears to have kept about in line with the second or third car behind the engine.　This was the uniform effect of all the testimony which relates to the point.　Plaintiff's friend who was in charge of the mare, swore the engine beat her to the bridge and he could not tell whether she got ahead of the engine or not.　Another witness said she kept about the same distance behind the train all the time.　There was no testimony to prove she was on the track or ahead of the engine on the ground.　When the train reached the bridge the mare, in her terror, attempted

Rhinehart v. Railroad.

to cross to the east side of the railway and in so doing swerved into the second car behind the engine and was killed. This action was instituted to recover her value on the ground her death was due to the negligent conduct of the train crew. After stating the facts in regard to the fencing along the right of way and the approach to the stockyards, the petition alleges the mare became frightened at the train, broke her fastenings and ran along the right of way in the same direction the engine and cars were running; that she could not get off the right of way on the west side because of the fence, and could not run south more than a quarter of a mile because of Spring creek; that she tried to cross to the east side and if she had been permitted to cross would have passed off the right of way. It is then averred the agents and employees of defendant, operating the engine and train, by the exercise of reasonable care, could have seen the mare and they did see her running as aforesaid, and by the exercise of reasonable care and diligence could have stopped the engine and train before overtaking the said mare, and could have permitted her to cross said railroad track, but said employees carelessly and negligently ran the train upon her and killed her. All the evidence shows that instead of the train overtaking the mare. and being carelessly run upon her, the death of the animal occurred from her dashing madly against the side of the train. The petition was not amended to conform to the facts, but the theory of that pleading regarding the occurrence was carried into the instructions. In the first instruction given for plaintiff, after stating hypothetical facts which would prevent the presence of the mare on the right of way from being unlawful, the jury were told if she became frightened at defendant's train and broke her fastenings, and the servants in charge of the train saw her after she had broken loose and in time to avoid injuring her by the

exercise of ordinary care, and negligently failed to avoid said injury, "and in consequence struck and killed her" with the "engine and train of cars," the issues should be found for the defendant. This charge, if read in connection with the petition cannot be fairly understood otherwise than as permitting the jury to find the train crew carelessly ran the train against the mare. The court refused to grant an instruction at defendant's request which called attention to the very negligence averred in the petition and directed a verdict for defendant, if the mare was killed by running into the side of the moving train. If the train-men were negligent at all, it was in not taking care to avert the injury to the animal after they ought to have realized she was in peril, not in the track but on one side, and not of being run against by the train, but of hurting herself in some way by her frantic movements. The rulings on requests for instructions did not preclude a verdict against defendant on negligence not alleged, and permitted a verdict against it on negligence of which no proof was adduced by plaintiff. This was error. [Gurley v. Railroad, 93 Mo. 445, 6 S. W. 218.] The known habits of animals must be taken into consideration in such contingencies by the operatives of a train, and if it would be apparent to a person of reasonable care that an animal is likely to be killed or injured in consequence of running in front of or against a train, what reasonably can be done to prevent an accident ought to be done. [Hill v. Railroad, 49 Mo. App. 520, 535.] But the first instruction for plaintiff left out of view the question of whether or not the operatives of the train saw, or if prudent, would have seen, the mare in peril in time to avert an accident. Instead of requiring this fact to be found, the instruction required the jury to find merely that the servants in charge of the train saw the mare after she had broken her fastenings in time to avoid injur-

ing her by the exercise of ordinary care. Seeing her was not enough; her fright and the other circumstances must have been such as to warn a prudent person that the continued movement of the train was likely to cause an accident; and whether the facts gave this warning was a question for the jury on the whole evidence, if the inference was permissible that a person of ordinary prudence would have realized the danger. [Grant v. Railroad, 25 Mo. App. 227; Jewett v. Railroad, 50 Mo. App. 547; Wasson v. McCook, 80 Mo. App. 483.]

The question of difficulty is whether there was substantial evidence tending to fasten negligence on the engineer or other members of the train crew. This difficulty arises, because, as said, the testimony shows the mare never got on the railroad track at all, and never even got ahead of the engine; merely ran along the right of way, most of the time near the fence and forty or fifty yards from the track, though occasionally approaching the train. Plaintiff's counsel argue the train-men ought to have realized the animal would be penned between the train and the fence at the bridge, and, in this situation, would be apt to dash into the train in her endeavor to escape to the east. On reflection we have concluded, though dubiously, that it is for a jury to decide whether or not there was want of ordinary care in continuing the movement of the train, which was short, moving slowly and could have been stopped quickly, if the train crew knew the terrified animal would be penned in close proximity to the cars, at the bridge. It looks like an injurious accident was reasonably to be apprehended in such a contingency.

The judgment is reversed and the cause remanded. *Bland, P. J.,* concurs; *Nortoni, J.,* concurs in reversing the judgment but not in remanding the cause for a retrial.