## B. E. DELO, Respondent, v. OLD DOMINION MINING COMPANY, Appellant.

Springfield Court of Appeals, December 4, 1911.

1. **MASTER AND SERVANT: Negligence: Servant's Knowledge of Defective Appliance: Assumption of Risk.** Plaintiff was injured while operating a drill in a mine on account of a defective clamp, which broke and caused the machine to drop on him. He knew that the clamp on the machine was defective when he began work, but operated the machine without complaint for two days before the accident. From plaintiff's testimony it appeared that he was an experienced drill man and knew all about drills and knew that the clamp was broken and that there was danger in working with it, but he thought by being careful he could run it a few days. After the accident the clamp was examined and in addition to the break there was an old crack in it, of which plaintiff had no knowledge prior to his injury and which could not have been discovered until the machine had been taken apart and it was not plaintiff's duty to carefully inspect the drill or any of its parts. *Held*, that plaintiff made a prima facie case, for it cannot be said that he did not have the right to believe that he could with safety use the machine for a few days and he did not assume the risk of injury that might result in using the defective machine.

2. ———: ———: ———: ———. For a long time the Supreme Court recognized the doctrine that if the servant had knowledge that the master had been guilty of negligence and had furnished an instrument that was not reasonably safe, yet, if the servant with this knowledge continued to use the instrument without objection and without any assurance on the part of the master that it was safe, he assumes the risk. But of late years the court has adopted the rule that the servant never assumes the risk of the master's negligence and now in such cases the right of a servant to recover is to be determined under the rules applicable to contributory negligence.

3. ———: ———: ———: ———. Mere knowledge of the danger in working with a defective instrumentality will not defeat a servant's action for damages on account of injury caused by such defect, unless the danger from the work was so glaring as to threaten immediate injury.

4. ———: ———: ———: ———: Contributory Negligence: When Question of Law. The question of whether the danger to the servant from the use of a defective instrumentality was so obvious and imminent as to make it contributory negligence for the servant to continue in the work is ordinarily a question for the jury. But where the evidence is such that there can reasonably be no two opinions on the subject, then the court should decide the question as a matter of law.

5. INSTRUCTIONS: Negligence: Confining to Acts Alleged and Proved: Master and Servant. An instruction in an action for damages by a servant against a master on account of negligence, which, instead of limiting the issue to the act of negligence alleged and supported by the evidence, permitted the jurors to base their verdict on any theory of negligence which they could evolve out of their own minds and in addition failed to tell the jury what acts of the defendant they might consider in determining the question of contributory negligence is erroneous.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair*, Judge.

REVERSED AND REMANDED.

*Fred L. Williams* for appellant.

(1) When not only the defect but the dangers incident to the use of the defective machinery are known to an experienced man and he continues to work therewith and is injured he cannot recover. Price v. Railroad, 77 Mo. 508; Nugent v. Mill Co., 131 Mo. 241; Steinhousen v. Spraul, 127 Mo. 541; McDermott v. Railroad, 87 Mo. 285; Dewitt v. Railroad, 50 Mo. 302; Rains v. Railroad, 71 Mo. 164; Spiva v. Coal & Mining Co., 88 Mo. 68; Epperson v. Cable Co., 155 Mo. 346; Bridges v. Railroad, 6 Mo. App. 389; Hurst v. Railroad, 163 Mo. 309. (2) In an action for injuries caused by negligence, instructions should be con-

fined to the acts of negligence alleged in the pleadings. Abbot v. Railroad, 83 Mo. 271; Gessley v. Railroad, 26 Mo. App. 156.

*Thompson & Thompson* for respondent.

(1) An employee may know of defects of machinery furnished him to use and may know said machinery is not reasonably safe and is dangerous to use, but if the same does not threaten immediate injury and if it is not so glaringly dangerous that a person of ordinary prudence would not refuse to work with it, in case of injury, the master is liable. Jewell v. Bolt & Nut Co., 231 Mo. 176, 132 S. W. 709; Brand v. St. Louis Car Co., 213 Mo. 707, 112 S. W. 514, 18 L. R. A. (N. S.) 701; Mathis v. Stockyards Co., 185 Mo. 447, 84 S. W. 70; Sheperd v. Transit Co., 189 Mo. 371; Pauck v. Provision Co., 159 Mo. 467; Curtis v. McNair, 173 Mo. 270; Hester v. Packing Co., 95 Mo. App. 16. (2) Knowledge of the danger in working with defective machinery will not defeat the action unless the danger was so glaring as to threaten immediate injury. Depuy v. Railroad, 110 Mo. App. 123, 84 S. W. 105; Daken v. Chase, 197 Mo. 267; 94 S. W. 944; Weldon v. Railroad, 93 Mo. 674, 67 S. W. 698; Settle v. Railroad, 127 Mo. 336, 30 S. W. 125; Blanton v. Dodge, 109 Mo. 75, 18 S. W. 1149; Henry v. Railroad, 109 Mo. 448, 19 S. W. 239; Nichols v. Glass Co., 126 Mo. 55, 28 S. W. 991; Denker v. Milling Co., 135 Mo. App. 340, 115 S. W. 1035; Curtis v. McNair, 173 Mo. 270, 73 S. W. 167. (3) The law in this state is that all instructions given must be considered together. Owens v. Railroad, 95 Mo. 181; Daugherty v. Railroad, 97 Mo. 661; Gordon v. Burns, 153 Mo. 232; Meadows v. Ins. Co., 129 Mo. 97; Anderson v. Railroad, 161 Mo. 441; Spillane v. Railroad, 111 Mo. 564. (4) It is equally well settled in this State that when the peril of the servant in the performance of his duty is augmented

by the negligence of the master and the servant, if knowing that the master has been thus negligent, and that such negligence has rendered the performance of his duty more hazardous, continues in the performance of his duty, the question of contributory negligence then arises, and not a question of assumed risk. Jewell v. Bolt & Nut Co., 231 Mo. 176; Dakan v. Chase, 197 Mo. 267, 94 S. W. 944; Cole v. Transit Co., 183 Mo. 94, 81 S. W. 1138; Brand v. Car Co., 213 Mo. 707, 112 S. W. 514, 18 L. R. A. (N. S.) 701; Mathis v. Stockyards Co., 185 Mo. 447, 84 S. W. 70.

GRAY, J.—Appeal from a judgment of $200 in favor of plaintiff in an action for personal injuries. The appellant was engaged in mining in Jasper county, and plaintiff was in its employ as a drill or machine man. The drill weighed about 310 pounds and was a machine used for the purpose of drilling holes into which powder was placed and discharged for the purpose of breaking dirt so it could be hoisted to the surface, and the ore therein extracted and prepared for market. The power used in running the machine was compressed air, of about 100 pounds pressure, and the drill made about 118 strokes per minute, and each stroke gave a blow of about 325 pounds. The drilling machine was set in place and held while operated by a column or arm—the machine being fastened to the arm by means of a clamp. When one hole was finished and it was desired to drill another, the clamp by which the drill was held on the arm or column was loosened and the drill moved to the proper place and then again fastened to the column or arm by the clamp. The clamp was held on the column or arm by a bolt and nut, and to release the clamp the nut was unscrewed.

Plaintiff had been in the employ of the defendant prior to the accident, but had not been working for a week, and when he returned to resume his duties, he discovered that the clamp on his machine was de-

fective, and that it had a piece about three inches long broken out of it. He worked with the machine without complaint for two days, when the clamp broke, and on account thereof the machine dropped on him and injured him.

As to his knowledge of the defect and the dangers incident thereto, we quote his testimony as follows: "I am an experienced drill man. I know all about a drill. I knew the weight at the time. I knew the number of vibrations it made. I knew as much about it as the foreman or superintendent would know. I have taken drills apart. I knew the weight that comes on the various parts of the drill. I know how to repair them. I am a pretty good judge whether they are safe or unsafe. I came back to go to work there on or about the 22nd of September, after I had a lay-off of a week. I observed a clamp was broken off the day I came back. There was a piece broken out, I could see it. I knew the danger that would come from it. I knew it was a dangerous proposition to work. My experience as a drill man had taught me the danger. The ordinary man of any experience could have seen it. I knew as much about that as the superintendent and ground boss. I never talked to the superintendent. So far as I knew they knew nothing about it that is, up to that time. I seen this clamp was broken and I thought by being careful I could run it a few days. I didn't think it was so awful dangerous but what I could run it a few days more."

The evidence showed that after the accident, the clamp was examined and it was ascertained that in addition to the break there was an old crack in it that plaintiff had no knowledge of prior to his injury. The defendant offered no testimony, and the first question is: Did plaintiff make a prima facie case which entitled him to have his cause submitted to the jury? Appellant says: "The evidence shows that plaintiff admitted that he knew of the defect which caused the

injury and also knew all of the danger incident to working with such defective clamp for two days prior to the injury. When not only the defect but the dangers incident to the use of the defective machinery are known to an experienced man and he continues to work therewith and is injured he cannot recover,'' and cites a long list of decisions of the Supreme Court of this state sustaining his position.

It will not be necessary to review all these cases, but it may be said they sustain the doctrine announced in Price v. Railroad, 77 Mo. 508, as follows: ''A servant who takes employment knowing as well as the employer the risk, or continues in that service after he acquires that knowledge, has no claim for damages against the employer for an injury he may sustain resulting from the risk he has taken. If the risk is such as to be perfectly obvious to the sense of any man, whether servant or master, then the servant assumes the risk.''

The respondent says: ''An employee may know of defects of machinery furnished him to use and may know said machinery is not reasonably safe and is dangerous to use, but if the same does not threaten immediate injury and if it is not so glaringly dangerous that a person of ordinary prudence would not refuse to work with it, in case of injury, the master is liable,'' and cites a long list of decisions of the Supreme Court sustaining his proposition.

There is no question but what for a long time the Supreme Court recognized the doctrine that if the servant had knowledge that the master had been guilty of negligence, and had furnished him an instrument that was not reasonably safe, yet if the servant with this knowledge, continued to use the instrument without objection, and without any assurance on the part of the master that it was safe, he assumed the risk. But of late years, the court has adopted the rule that the servant never assumes the risk of the master's neg-

ligence, and assumes only the risks incident to the employment. [Curtis v. McNair, 173 Mo. 270, 73 S. W. 167; Cole v. Transit Co., 183 Mo. 81, 81 S. W. 1138; Jewell v. Kansas City Bolt & Nut Co., 231 Mo. 176, 132 S. W. 703.] And now the right of a servant to recover, notwithstanding he knew of the defect in the instrument and continued to use it, is to be determined under the rules applicable to contributory negligence. Authorities above cited, and Garaci v. Construction Co., 124 Mo. App. 709, 102 S. W. 594, and cases there cited.

In Jewell v. Kansas City Bolt & Nut Co., supra, decided December 23, 1910, the Supreme Court expressly affirms the rule laid down in Brands v. St. Louis Car Co., 213 Mo. 707, 112 S. W. 511, and George v. Railroad, 225 Mo. 412, 125 S. W. 210, and holds that mere knowledge of the danger in working with a defective instrumentality will not defeat the action unless the danger was so glaring as to threaten immediate injury. And whether it was so is a question of fact to be determined by the jury.

In Burkard v. Rope Co., 217 Mo. l. c. 481, 117 S. W. 35, the rule is clearly announced as follows: "The servant's knowledge of its unsafe condition may be shown in evidence, but such knowledge precludes a recovery only where the danger is so obvious that a man of ordinary prudence would, under the circumstances, refuse to do his master's bidding; and the question of whether the danger was so obvious and imminent as to make it contributory negligence for the servant to continue in his master's service is a question for the jury."

We do not mean to say that the Supreme Court now holds that this is a question for the jury in every case, and we do not find that the case of Campbell v. Railroad, 175 Mo. 161, 75 S. W. 86, has ever been overruled. In that case the court recognized the doctrine that where the evidence is such that there can rea-

sonably be no two opinions on the subject, then the court might, or should declare, as a matter of law, that plaintiff was guilty of contributory negligence.

In this case, however, the evidence shows that plaintiff's work was below the surface where a light was necessary, and that it was not his duty to carefully inspect the drill or any of its parts. His evidence tends to prove that he did not know of the crack in the clamp, and that the same could not be discovered until the machine had been taken apart and examined, and it cannot be said that if nothing had been the matter with the drill except the broken piece, of which plaintiff had knowledge, that it would have broken, and, therefore, we cannot say that plaintiff did not have the right to believe that he could in safety, use the same for a few days.

At the request of plaintiff the court gave the following instruction: "If you should find that the injuries occurred by reason of any negligence on the part of the defendant, then the plaintiff is entitled to recover, unless it affirmatively appears by a preponderance of evidence on that point that the plaintiff was guilty himself of negligence which contributed to the injuries in question. The question of contributory negligence of plaintiff is a matter of defense, which must be affirmatively established by a fair preponderance of evidence. If, on this question of contributory negligence you shall find that the evidence was equally balanced, then upon that question you would have to find in favor of the plaintiff."

This instruction is clearly erroneous. The petition expressly charged that the injury was caused by the defective clamp and no other negligent act was alleged or proven. The instruction, instead of limiting the issue to the act of negligence alleged and supported by the evidence, permitted the jurors to base their verdict on any theory of negligence which they

could construct or evolve out of their own minds. In addition to this fault, the instruction does not attempt to tell the jury what acts of the defendant they might consider in determining the question of negligence, but submits the whole question of law and fact to the jury. Similar instructions have been condemned in the following cases: Casey v. Bridge Co., 114 Mo. App. 1. c. 65, 89 S. W. 330; Magrane v. Railroad, 183 Mo. 119, 81 S. W. 1158; Schaaf v. St. Louis Basket & Box Co., 131 S. W. 936; Aston v. Transit Co., 105 Mo. App. 1. c. 231, 79 S. W. 999; Schroeder v. Transit Co., 111 Mo. App. 67, 85 S. W. 968; Mulderig v. Railroad, 116 Mo. App. 655, 94 S. W. 801; Chitty v. Railroad, 148 Mo. 75, 49 S. W. 868; Senate v. Railroad, 41 Mo. App. 295; Yarnell v. Railroad, 75 Mo. 1. c. 583; Sommers v. Transit Co., 108 Mo. App. 319, 83 S. W. 268.

In Schaaf v. Basket Co., supra, Judge Cox said: "While a party may use general terms in a petition charging negligence and such petition may be held good after verdict, yet in preparing instructions to the jury they should be specific. The jury should not be left to base a verdict upon any theory of negligence which they could construct or evolve out of their own minds."

In Schroeder v. Transit Co., supra, Judge BLAND said: "The petition averred ten specific acts of negligence. The instruction was not confined to any one or all of the acts alleged, but stepped outside the allegations of the petition and allowed the jury to find for plaintiff, if they found from the evidence that defendant was negligent in any matter whatever. This was palpable error."

In Casey v. Bridge Co., supra, JOHNSON, J. said: "In submitting the issue of negligence to the jury, without in any manner instructing them as to what facts, if found, would constitute negligence, the court

left it to them to determine the law as well as the fact. This was reversible error."

For the. error in this instruction, the judgment is reversed and the cause remanded. All concur.