# TOLEDO, ST. LOUIS AND KANSAS CITY RAILROAD CO.
## v.
### MARK CLINE.

*Railroads—Personal Injury — Contributory Negligence — Comparative Negligence—Statutory Signal—Ordinary Care—Evidence—Instructions.*

1.   The fact that a train may not be reasonably expected from a certain direction, will not excuse a person from looking that way.

2.   It is as much the duty of trainmen to look out for persons approaching a highway crossing, as for such persons to note a train near at hand.

3.   Under the statute, the engine bell must be rung or the whistle sounded continuously from a point eighty rods from a crossing until the same is reached.

4.   The question of ordinary care on plaintiff's part is for the jury.

5.   A court can not in any case inform the jury what is or is not ordinary care or negligence.

6.   This court will not interfere with a verdict, unless it appears that there is no evidence upon which the same can rest, or that the finding is against the clear weight thereof.

7.  The doctrine of comparative negligence has no application to a case in which the plaintiff failed to exercise ordinary care.

8.  The common law duty of a railroad company is to, in some way, but not necessarily by bell or whistle, give reasonable warning to persons approaching highway crossings of the proximity of its trains.

[Opinion filed November 1, 1889.]

APPEAL from the Circuit Court of Fayette County; the Hon. JACOB FOUKE, Judge, presiding.

Messrs. CLARENCE BROWN, B. W. HENRY and WILEY & NEAL, for appellant.

The appellee was guilty of such negligence as to preclude a recovery. C. & N. W. R. R. Co. v. Sweeney, 52 Ill. 325; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; Ill. Cen. R. R. Co. v. Green, 81 Ill. 19; C., B. & Q. R. R. Co. v. Lee, 68 Ill. 576; Ill. Cen. R. R. Co. v. Hetherington, 83 Ill. 510; C., B. & Q. R. R. Co. v. Colwell, 3 Ill. App. 548; C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; Fletcher v. Fitchburg R. R. Co., 21 N. E. Rep. 302; Marland v. P. & L. E. R. R. Co., 16 Atl. Rep. 623.

All the foregoing authorities, and many others, lay down the rule that to entitle a plaintiff to recover in an action for negligence, he must prove that he was in the exercise of ordinary care, and failing to exercise such ordinary care for his own safety, he can not recover unless the injury was wantonly or wilfully inflicted.

Did the plaintiff in this case exercise ordinary care to protect himself from danger? It can not be pretended that he did, from his own evidence.

Messrs. GUINN & DUNCAN, for appellee.

"It is always a question of fact for the jury to determine from the evidence whether the person injured has exercised proper care and caution in crossing a railroad track, and not a question of law. It was the province of the jury to determine whether the plaintiff was guilty of negligence." Pennsylvania Co. v. Frana, 112 Ill. 405.

T., St. L. & K. C. R. R. Co. v. Cline.

"But so long as the question remains whether the party has performed the legal duty or has observed that degree of care and caution imposed upon him by law, and the determination of the question involves the weighing and consideration of evidence, the question must be submitted as one of fact." Chicago, St. L. & P. R. Co. v. Hutchinson, 11 N. E. Rep. 859.

" It was for them (the jury) to say whether, from all the circumstances shown, a person in the exercise of ordinary care for his safety, that is, such care as a reasonable and prudent man would exercise under all the circumstances shown— would have taken other precautions than that taken by the deceased."   Chicago & A. R. Co. v. Adler, 21 N. E. Rep. 849.

We insist that it was reasonable diligence and caution for appellee to pay more attention to the west end of the track than the east end.   A train was then due from the west; none was due from the east or expected from that direction.   In C., B. & Q. R. R. Co. v. Lee, 87 Ill. 459, the court say:   "As this was not a regular train, or on usual time, the same degree of caution would not be required on his part, or such as if it were a regular train and on usual time."

It is not a rule of law that before a man can recover in an action like the one at bar he must show the exercise of extraordinary care ;  it is sufficient if he used ordinary care. While it is true that it is the duty of a person approaching a place of danger to do so cautiously, yet the degree of care he is required to use can never be formulated as a rule of conduct, for the conduct of even cautious men would vary.   In all cases like the one at bar the question of contributory negligence is for the jury alone.   C., St. L. & P. R. R. Co. v. Hutchinson, *supra;* Thompson on Trials, Sec. 1686.

Even though it should be said that appellee negligently exposed himself to danger, yet if the servants of appellant in charge of the train either saw or might by reasonable care have seen him approaching the track, and yet failed to give due warning of the approach of the train, then appellee may recover.   Thompson on Trials, Sec. 1683, and 2 Thompson on Negligence, 1105.

But if it should be found that appellee was somewhat negligent, but that his negligence was only slight when compared with the negligence of appellant's servants, still he may recover. Thompson on Trials, Sec. 1683.

REEVES, P. J. This suit was brought to recover for a personal injury. Appellee, while driving across the road of appellant, was struck by a train and injured. He recovered a judgment in the Circuit Court for $1,295, from which this appeal is prosecuted. Appellant's road at the place where the accident occurred, runs substantially east and west, and the public road on which appellee was driving, runs north and south. The train which struck appellee consisted of a locomotive, nineteen cars and a caboose. The engine was running backward and west, but was pulling the train, so there were no cars in front of the engine in the direction in which it was moving. The country was open and level, and there was nothing to obstruct the view east of the highway for a distance of a quarter of a mile.

The chief contention of appellant is, that as the train was in full view for the distance above stated, so that appellee could easily have seen it before driving upon the railroad track, he was guilty of such contributory negligence as will prevent his recovery for the injury sustained. In considering the question it will be necessary to examine closely the testimony and the facts proven in the case. It is shown that at the time of the accident, it was about the time of the regular train going east, at that point. The train causing the injury was a working train, and was going to Sorrento for a load of ties. The wind was blowing from the northwest, appellee was driving south. He came onto the highway about a quarter of a mile north of the railroad track. Appellee says: "When I made the square turn (into this highway) I turned and looked toward the east and saw no train; I was not expecting any train (from that direction); and then I commenced looking west for a train which I expected right on hand. The first time I looked east, I was nearly a quarter of a mile from the railroad. I then drove on south looking in front, and I

reckon the last time I looked east, as well as I recollect now, I was within 100 yards, or about that distance, of the railroad, maybe a little nigher, or perhaps a step or two farther. I then turned looking west and on ahead, straight forward. I didn't see no train, nor hear any train coming. It was time for the train from the west. I heard no whistle or bell. I would have heard it, I think, if it had whistled within eighty rods. I would have heard the bell if it had been ringing, when it came within 100 yards of the crossing." Other witnesses for appellee testify that when they saw him approaching the crossing, he was looking toward the west; at least they did not notice that he was looking toward the east. Appellee was an old man seventy-three years of age. He is shown to be familiar with the crossing, living north of the railroad and working land south of it. It must be borne in mind that at the time of the accident the train from the west was about due and this fact was known to appellee. It was therefore natural for him to be on the lookout for the train from the west. He would not reasonably expect a train from the east, running on the time of the east-bound train. This would not excuse him wholly from looking out eastward. He testifies that when about 100 yards from the crossing, he did look to the east and saw no train. He had when he first turned into the highway, as he says about a quarter of a mile from the crossing, looked to the east, though he was not expecting a train from that direction. The evidence discloses that the view of the train men for a quarter of a mile before they reached the crossing was unobstructed of the highway upon which appellee was driving. It is also shown that the whistle was not sounded. The bell was rung first at a point from 150 to 200 yards east of the crossing. The fireman testifies that he commenced ringing the bell forty rods before reaching the crossing, but the weight of the evidence is that the bell was not rung until the engine was within 200 yards of the crossing, and only then for a very short time.

We think the jury were justified in finding under this state of facts that the appellee was not guilty of such negligence as would prevent a recovery for the injuries sustained.

It was as much the duty of the train men to look out for persons traveling on the highway, crossing the railroad, as it was the duty of appellee to look out for trains. It was also the statutory duty of the employes of appellant in charge of the locomotive, to sound the whistle or ring the bell, at least eighty rods before reaching the crossing, and to keep either sounding the whistle or ringing the bell, until the crossing was reached. This statutory duty was clearly not performed, and the lookout of the men on the train was certainly as defective as that of appellee. While it is true that appellee did not see the train until it struck him, while if he had been looking eastward he might have seen it for a quarter of a mile before it reached the crossing, it is also true that at the time, the train from the west was due, and his attention, knowing that fact, was naturally drawn in that direction, and in that direction he was keeping a careful lookout. There is no pretense that there was any one looking out on the engine except the fireman, and the fact that he did not see appellee until he was on the crossing when he was in plain view for a quarter of a mile, would go to show that the lookout of the fireman was of no avail.

While appellee could not recover if he failed to exercise ordinary care, it was for the jury to determine, under all the facts and circumstances shown by the evidence, whether appellee did exercise such care. They found under proper instruction on this point, by their verdict, that appellee did exercise ordinary care, and, as we have seen, the evidence supported such a finding. If the finding upon this issue had been for the defendant, we should not have disturbed it. The case as presented by the evidence was such that the jury might have found either way upon the question whether appellee exercised ordinary care, and whichever way they found, we would not feel justified in disturbing their finding. This being a question of fact, entirely within the province of the jury, where their finding may be supported in any reasonable view of the evidence, it should stand. It is only when there is no evidence in the case upon which the finding of the jury can rest, or where the finding is against the clear weight of

the evidence, that we are justified in setting their verdict aside.

Complaint is made that the court erred in giving plaintiff's third instruction. As we understand the criticism it is that the instruction proceeds upon the assumed proposition that the case was one in which the doctrine of comparative negligence was applicable. The instruction is as follows:

"3d. The jury have the right, under the law, to compare the negligence of plaintiff and defendant in a case like the one at bar, and in this case, although the jury may believe from the evidence that the plaintiff was not wholly without negligence, yet if you further believe from the evidence that the defendant was guilty of gross negligence, while the plaintiff was guilty of only slight negligence, then such slight negligence on plaintiff's part will not prevent a recovery in this case."

It must be conceded that the doctrine of comparative negligence has no place in a case where the plaintiff has failed to exercise ordinary care, but does not the instruction fully recognize this when the jury are told that only if they find the negligence of plaintiff was slight will they make this comparison of the plaintiff's negligence with that of defendant? The failure to exercise ordinary care is more than slight negligence, so that, in effect, the jury were told that they must find that plaintiff was in the exercise of ordinary care before they should consider the question of comparative negligence. Exception is also taken to plaintiff's first and fifth instructions.

The first is in these words: "1st. The court further instructs the jury that if they believe from the evidence that the place of the injury complained of, was the crossing of the railroad over a public highway, and that upon the occasion of the injury complained of, a bell was not rung nor a whistle sounded at a distance of eighty rods from the crossing, and kept ringing or whistling until the crossing was reached, and that the plaintiff was lulled into a feeling of security by reason of such negligence on the part of defendant, and that in attempting to cross the said railroad track he was struck and injured, as charged in the declaration, then the plaintiff, even though he

may have been somewhat careless in looking out for trains, may 'recover, provided the jury shall, upon a comparison, be of the opinion from the evidence that the negligence of defendant was gross, and that plaintiff's negligence was only slight." It is contended that the instruction "omits to submit the question to the jury whether the plaintiff sustained his injury by reason of the failure to ring the bell or sound the whistle, but declares defendant's liability if plaintiff was lulled into security by reason of such neglect."

It will be found upon reference to the declaration, that negligence charged against the defendant in the first count, was the failure to ring the bell or sound the whistle, as required by the statute, and avers that in consequence of such default, the plaintiff received his injury. By this instruction the jury are required to find from the evidence that the plaintiff was struck and injured as charged in the declaration. In addition to this, all that is said on the subject of the failure to ring the bell or sound the whistle seems to be stated for the consideration of the jury in making a comparison of the negligence of the plaintiff and defendant, and the right of recovery is based upon the fact to be found by the jury from the evidence, that even though the plaintiff may have been in some degree careless, yet if his negligence was slight in comparison with that of defendant, and the defendant's negligence was gross, then the plaintiff might recover, if he was struck and injured as charged in his declaration. The fifth instruction given for plaintiff was as follows:

"5th. The jury are instructed that if a railroad crosses a common road on the same level, those traveling on either have a legal right to pass over the point of crossing and to require reasonable care and caution of those traveling on the other road to avoid a collision; that, while a passing train, from its force and momentum, will have the preference in crossing first, yet those in charge of it are bound to give reasonable warning, so that a person about to cross with a team and wagon may stop and allow the train to pass, and such warning must be reasonable and timely so far as the circumstances will reasonably admit."

As we understand this instruction, it does not refer to the statutory duty of a railroad company to ring the bell or to nd a whistle at the crossing of a public street or highway, but states the common law duty devolving upon a railroad company, independent of the statute, to give reasonable warning of the approach of its trains toward a crossing where the public have a right to be.    As was said in C. & A. R. R. Co. v. Dillon, 123 Ill. 570, " without regard to the statute, it is the duty of those having charge of trains to give notice of their approach at all points of known or reasonably apprehended danger." We think this instruction very fairly states this duty, and does not purport to state that it was the statutory duty of appellant to cause a bell to be rung, or whistle sounded, so as to give reasonable warning of the approach of the train at the crossing, and so does not come within the decision in P. P. & J. R. R. Co. v. Siltman, 67 Ill. 72.    The instruction in that case was that it was the duty of a railroad company in crossing a public highway, to have a bell of the statutory weight, or a steam whistle on each locomotive engine, which should be rung or sounded at the distance of eighty rods before reaching the crossing and kept ringing or whistling until such highway was reached, *so as to apprise persons of their approach.* This instruction purported to state the statutory duty and overstated it and was, in so far, wrong.    The statute only requires the ringing or whistling for the distance mentioned and does not require that it shall be done in such manner that persons shall be apprised of the approach of trains.    No doubt this was the purpose of the statutory requirement; but the language used does not make this result a part of the requirement.    The common law duty is in some way, not necessarily by ringing a bell or sounding a whistle, to give reasonable warning of the approach of its trains to any point of known or reasonably apprehended danger.    The fifth instruction only states such duty.

The second instruction asked by defendant and modified by the court should not have been given either as asked or modified.    It is not for the court in any case to say to a jury

what is, or is not, ordinary care or negligence.    This is a question of fact to be determined by the jury.

The eleventh instruction asked by the defendant and refused by the court was objectionable for the same reason. Finding no error in the record for which the judgment should be reversed, it is affirmed.

*Judgment affirmed.*