DOSS, Respondent, v. MISSOURI, KANSAS & TEXAS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 23, 1909.

1. MASTER AND SERVANT: Fellow-Servants: Section Hand and Foreman. A section hand employed by a railroad company and the foreman in charge of the gang of which he is one are not fellow-servants; the section foreman in such case is vice-principal.

2. ———: Assumption of Risk: Section Hand. A section hand on entering upon the service of a railroad company assumes the risk ordinarily incident thereto and that includes the risk of injury which might occur in the ordinary jerks and jars incident to the operation of a handcar with which he undertakes to work.

3. ———: ———: ———: Negligence of Master. But where a handcar upon which a section hand was riding was stopped by the foreman without warning, suddenly and with such force as to throw the section hand from the car, the railroad company by which he was employed failed to exercise ordinary care for his safety and the risk was not one assumed by him.

4. ———: ———: ———: ———: Prima-Facie Case. In an action by a section hand against his employer, the railroad company, for injuries received in being thrown from a handcar by the sudden stopping of the same by the foreman, without warning, the evidence is examined and held sufficient to make out a prima-facie case of negligence on the part of the defendant.

5. ———: Negligence: Personal Injury: Proximate Cause. The proximate cause of an injury for which an action will lie is the negligent act of which the injury is the natural and prob-

able consequence, that is, such a consequence as under the circumstances of the case might have been foreseen by a reasonably prudent person. Where a section foreman in charge of a handcar stopped it suddenly and without warning to the men on the car, the falling of one of the men from the car was a natural and probable result to be expected from that negligent act.

6. ——: ——: Contributory Negligence. Where the section hand on the car in such case was thrown from the car by the sudden stopping of the car by the foreman without warning to him, he was not negligent as a matter of law in holding to his lever bar with one hand only.

Appeal from Montgomery Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

AFFIRMED.

*G. B. Silverman* for appellant.

*Scarritt & Jones* for respondent.

NORTONI, J.—This is a suit for damages alleged to have accrued to the plaintiff as a result of personal injuries received while in defendant's employ as a section hand on its railroad. Plaintiff recovered and the defendant appeals. The plaintiff had been in the defendant's employ on the section between two and three months prior to the date of his injury. The negligence relied upon for a recovery is an alleged careless act of the defendant's section foreman in applying the brake, without warning, on the car on which the plaintiff and others were riding, in such a manner as to occasion the sudden stopping of the car, whereby plaintiff was precipitated onto the center of the track and the car run upon him. It appears the gang was in two parties working together on defendant's railroad. At about five-thirty o'clock in the afternoon, they ceased their labors and embarked on two separate handcars for their homes in the town of Rhineland. There were three men and numerous tools on the first or foremost

car. On the second car, there were four men and numerous tools, such as shovels, etc. Defendant's section foreman, Koch, and the plaintiff were on the second car. There appears to have been a custom or rule, with which all the men were familiar, to the effect that when section men are approaching a sharp curve on the railroad, the handcar should be stopped in order to listen, the noise incident to the operation of a handcar being such as to possibly prevent hearing the sound of an approaching train. Under the circumstance of two handcars being operated by the same gang, it is the rule for those on the first or foremost car to act as lookout, or what they term, a flag, for the second. In such case, the cars are run about one hundred and fifty yards distant from each other. Upon approaching a sharp curve in the track, it is the duty of those on the first car to stop and listen, and in event no danger appears ahead, signal the second car forward. The defendant's railroad passes along and adjacent to the north bank of the Missouri river. There are numerous sharp curves thereon around the protruding bluffs. At the time under consideration, the car on which the plaintiff was riding was preceded by the other handcar operated by the three other section men. Having approached a curve at the bluff, the foremost car stopped and signalled the second to do the same. Those on the foremost car ascertained that the track was clear and proceeded forward, at the same time signalling those on the car with plaintiff to follow. The second car, or that on which the plaintiff was riding, having stopped on the first signal, immediately proceeded forward in response to the second. When the second car had started forward and attained a speed of between four and six miles an hour, the section foreman, Koch, without a word of warning, placed his foot upon the brake and either checked the speed of, or stopped the car so abruptly as to precipitate the plaintiff into the middle of the track in front of the same. The hand-

car ran upon him and inflicted severe and painful injuries. At the time of his being precipitated from the car, plaintiff was standing on the foremost end thereof, assisting in the act of propelling the same. His back was toward the east; that is to say, in the direction the car was moving. The section foreman, Koch, was engaged at the same lever or handlebar as plaintiff, propelling the car also. He, Koch, was standing between the handles of the car and near the brake, facing toward the east. The car was operated by means of raising the handlebar up and forcing it down; or, as the men in their testimony say, by pumping the car. Two other section men were engaged in assisting on the rear handle and they, too, were facing the direction in which the car was moving. The testimony of plaintiff and one of his colaborers in his behalf, tends to prove that the foreman, Koch, without warning, suddenly placed his foot upon the brake. This act either checked the speed of, or entirely stopped the car very suddenly and with such force as to precipitate the plaintiff backwards onto the track. It seems at the time, plaintiff was engaged in pumping the car with one hand only, the other swinging at his side, and it may be that his hold upon the handle was not as secure as it would have been had he been using both hands instead of one. The foreman, Koch, and others, gave testimony on the part of the defendant which tended to prove that instead of the car stopping abruptly or with a sudden jerk, the act of the foreman in placing his foot on the brake did nothing more than check its speed in the usual and customary manner. That is to say, that the speed of the car was not thereby suddenly checked nor was the car stopped in an unusual manner.

There is no question of fellow-service in the case. Aside from our statutes, sections 2873 and 2874, Mo. Ann. St. 1906, and the construction placed thereon by our Supreme Court in Callahan v. St. Louis Mer. Bridge, etc., Ry. Co., 170 Mo. 473, to the effect that the

terms of the statutes include section men, colaborers, while engaged in their calling on the road, it has been long since determined in this State that a section hand and his foreman are not fellow-servants. The section foreman, Koch, in charge of his gang of men and the handcar at the time, was a representative of the defendant. He was *pro hac vice* the corporation, present at the time, and his act in abruptly stopping the car, if negligent, was the negligence of the defendant. [Clowers v. Wabash R. R. Co., 21 Mo. App. 213; Banks v. Wabash R. R. Co., 40 Mo. App. 458.]

The chief argument advanced for a reversal of the judgment is that the court erred in refusing defendant's request at the close of the plaintiff's case and again at the conclusion of all the evidence, to peremptorily direct a verdict for it. It is insisted, first, that the evidence fails to show a negligent act on the part of the foreman in checking or stopping the car. It is said it does not appear the car was stopped in such an unusual manner as to show a breach of the obligation to exercise ordinary care for the plaintiff's safety. There can be no doubt that the section hand, upon entering the service, assumed the risks ordinarily incident thereto; and among these, he should be adjudged to take the risk of injuries which might occur as a result of the ordinary and usual jerks and jars incident to the operation of a handcar with which he undertakes to work. It is to be presumed that those engaged in such work are reasonably alert to the circumstances surrounding the employment and are on the lookout to protect themselves against such jerks and jars as ordinarily attend the usual stopping of a car. In other words, negligence ought not to be affirmed on the act of the foreman in checking the speed of a handcar unless it be in an unusual and extraordinary manner. This we believe to be the sound doctrine deduced from the authorities. [Bartley v. Met. Ry. Co., 124 Mo. 124, 140; Hedrick v. Mo. Pac. R. R. Co., 195 Mo. 104; Saxton v. Mo.

Pac. R. R. Co., 98 Mo. App. 494.]    Be this as it may, if it appears that the speed of the car was checked or stopped by the act of the foreman without warning to the plaintiff, suddenly and with great force, sufficient to precipitate him from his place thereon, at a time when the plaintiff had no reason to anticipate the stop, the matter of the defendant's breach of its obligation to exercise ordinary care for his safety, should be referred to the jury.    The unusual and extraordinary stopping of the car under the circumstances stated, would constitute a breach of the obligation to exercise ordinary care.    [Mitchell v. C. & A. Ry. Co., 132 Mo. App. 143.]    As stated, although there was countervailing evidence on the part of the defendant, the testimony on the part of the plaintiff tended to prove a checking of the speed or stopping of the car by the act of the foreman in a very sudden and unusual manner, and, this, too, at a time when the plaintiff had no occasion to anticipate the same.    The question of whether or not the section foreman exercised ordinary care must be ascertained with respect to the peculiar situation of the parties at the time.    On this the particular circumstances of the case are to be consulted.    Now it appears that all of the men had knowledge of the custom or rule which required them to stop at a sharp curve and to proceed when they had received a signal from the car in advance to that effect.    The car on which the plaintiff was riding had made this stop in accord with a signal from the men in advance.    Having been signalled to proceed, it appeared to plaintiff the track was clear and therefore none need anticipate danger or a second stop to investigate therefor at that particular time. The second car had attained a speed of between four to six miles an hour.    Plaintiff was standing, pumping at the handlebar, with his back turned toward the direction in which the car was moving.    The position in which he stood was a proper one and quite usual among section men.    There were tools, shovels, etc., on the

body of the car, and from this, the jury was authorized to infer, as no doubt it did, he was thus prevented from standing elsewhere. It is true the plaintiff was standing on a narrow margin of the body of the car which protruded in front of the handle. The foreman, Koch, knew this, however, for he was standing within two feet of the plaintiff, facing him, and pumping on the reverse end of the same lever. In these circumstances, it was obvious to the foreman that plaintiff's situation, while reasonably safe ordinarily, was one from which he might be hurled by an unusual checking of the speed. Therefore, if he desired to abruptly stop the car or check the speed, ordinary prudence would dictate that he warn the plaintiff before so doing. Although the standard reared by the law for the admeasurement of care in cases of this nature is that of an ordinarily prudent person only, the degree of care required is always to be exercised in view of the circumstances and dangers attending the parties and their situation at the time. What would be due care in a case where the injured party was standing securely on the body of the car, in the rear of the levers and facing the direction in which the car was moving, may be entirely disproportionate under the circumstances of plaintiff's more dangerous situation, as disclosed by the case in judgment. The positive evidence given on behalf of plaintiff, when considered with reference to the circumstances of the case, is sufficient to support the verdict affirming negligence on the part of the foreman.

It is next insisted that the judgment should be reversed for the reason it does not appear that the foreman, Koch, could reasonably have anticipated that plaintiff would be hurled from the car as a result of his act in suddenly applying the brake. As a subdivision of this argument, it is urged that the act of the foreman in applying the brake without warning and the consequent checking of the speed, was remote in the eye of the law, when considered with reference to the

plaintiff's resulting injury. In other words, it is urged the act of the foreman was not the proximate cause of the plaintiff's injury, for the reason he could not reasonably anticipate the result entailed. In reply to this argument, it may be said that the true rule to be consulted in determining what is the proximate cause of an injury is to inquire and ascertain whether the injury is the natural and probable consequence of the negligence act; that is, such a consequence as under the surrounding circumstances of the case, might and ought to have been foreseen by a reasonably prudent person, in the exercise of ordinary care, as likely to result from the act complained of. [Banks v. Wabash R. R. Co., 40 Mo. App. 458, 464; Hoag v. Railway, 85 Pa. St. 292; Lawrence v. Ice Co., 119 Mo. App. 316; Foley v. McMahon, 114 Mo. App. 442.] If, then, the plaintiff's precipitation from the car, because of its sudden stoppage by the foreman, was a result which might have been foreseen by a reasonably prudent person in the exercise of ordinary care, under the circumstances, as a probable and natural consequence of the sudden application of the brake, the negligent act of the foreman was proximate to the plaintiff's hurt. On this question, we entertain no doubt whatever. It is entirely clear that a reasonably prudent man should have anticipated such a result as a natural and probable consequence of the act of suddenly checking the speed of the car; that is, when considering the fact that plaintiff was standing with his back toward the direction the car was moving, on a slight margin of platform.

It is next urged that plaintiff was guilty of contributory negligence as a matter of law in assuming the position he did on the car and holding the lever bar with one hand only. We are not so persuaded. It does not appear his situation was one which threatened imminent peril. Indeed, it is one usually occupied by section men, and a reasonably prudent man might believe he could thus stand with entire safety.

Except for the negligent stopping of the car, no hurt would have befallen him. It is the rule in this State that unless the situation assumed by the plaintiff is one which threatens imminent peril, apart from the subsequent intervening negligent act which produces the injury, plaintiff ought not to be declared negligent and his right of recovery precluded for his own fault as a matter of law. Indeed, if a man of ordinary prudence might believe that he could occupy the situation with safety to himself by exercising due care on his part, it is sufficient to satisfy the law; and the question as to whether or not he was guilty of contributory negligence should be referred to the jury. [Huhn v. Railway, 92 Mo. 440; Stoddard v. Railway, 65 Mo. 514; Mitchell v. C. & A. Ry. Co., 132 Mo. App. 143; Garaci v. Hill-O'Meara Construction Co., 124 Mo. App. 709, 102 S. W. 594.] The law did not exact extraordinary care on the part of the plaintiff no more than it did on the part of the defendant. [Huelsenkamp v. Citizens Ry. Co., 37 Mo. 537, 553.]

There appears to be nothing in the facts of this case indicating that the position assumed by the plaintiff was one of imminent peril had the car been managed or stopped in the usual manner, and the fact that he was using one hand only in pumping the car, does not so materially change its aspect as to render him guilty of contributory negligence as a matter of law.

The judgment will be affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.