# RALPH' SCHLAVICK, Respondent, v. FRIEDMAN-SHELBY SHOE COMPANY, Appellant.

## St Louis Court of Appeals, May 2, 1911.

1. **MASTER AND SERVANT: Injury to Servant: Failure to Warn: Improvident Order of Master.** Though the master does not breach his duty toward a servant by failing to warn him of an obvious danger that is well known, an improvident order of a vice-principal to a servant who is without experience about the particular task, unaccompanied by warning as to its dangers, which are known to the master, or may be by ordinary care, and are unknown to the servant, evinces a breach of duty for which an action will lie if injury result to the servant.

2. ———: ———: ———: **Sufficiency of Evidence.** In an action by a servant for injuries, evidence that the foreman directed him to remove whitewash from a revolving shaft, twelve or fourteen feet above the floor, that the foreman did, but the servant did not, know there were protruding thumbscrews on the shaft, and that the servant was injured as a result of his clothes catching in the thumbscrews was sufficient to show negligence on the part of the master, in directing the servant to perform the work without warning him of the danger that inhered in the protruding thumbscrews.

3. ———: ———: ———: **Contributory Negligence: Facts Stated.** A servant in a shoe factory, employed to heel shoes, was directed by the foreman to remove whitewash from a revolving shaft, from which thumbscrews projected. He was caught by the screws and injured. When directed to do the work, he objected, but was ordered to do it, under penalty of losing his position. There was nothing to show that he knew of the thumbscrews, or that he had ever seen the shaft when not in rapid motion, and the thumbscrews were not noticeable when the shaft was in rapid motion. *Held*, that he was not guilty of contributory negligence as a matter of law.

4. ———: ———: **Servants' Knowledge of Defect: Contributory Negligence.** A servant need not refuse to obey a peremptory order of the foreman, though he has knowledge of a defect in an appliance with which he is to work, if an ordinarily prudent person might believe that he could execute the direction with reasonable safety to himself, by exercising high care to that end; and it is only when the defect obviously threatens imminent peril to such an extent that fair minds must agree no orrinarily prudent person would encounter it that his right of

recovery can be denied as a matter of law on the ground of contributory negligence, and when such does not appear, the question of contributory negligence is for the jury.

5. ———: ———: Assumption of Risk: Extra Hazards.  Where a servant is peremptorily ordered by the master to perform work- with which he is unfamiliar and which is no part of his regular work, the risk of injury therefrom is not a risk ordinarily incident to his regular employment, but is a risk falling within the category of extra hazards.

6. ———: ———: ———: Coercion of Master.  A servant, to assume a risk, must comprehend and appreciate the danger, and must freely accept it, and where one, though know-ing and understanding that a task he is ordered to do by a master involves considerable dangers, encounters them because of coercion on the part of the master, he does not assume the risk.

7. ———: ———: ———: ———: Facts Stated.  A servant in a shoe factory, employed to heel shoes, was directed by the foreman to remove whitewash from a revolving shaft, from which thumbscrews projected.  He was caught by the screws and injured.  When directed to do the work, he objected, but was ordred to do it, he testified, under penalty of losing his position.  There was nothing to show that he knew of the thumbscrews, or that he had ever seen the shaft when not in rapid motion, and the thumbscrews were not noticeable when the shaft was in rapid motion.  *Held*, that he did not, as a matter of law, assume the risk of injury, but that this question was for the jury.

8. TRIAL PRACTICE: Argument of Counsel: Comment on Failure to Exhibit Injury.  A judgment will not be reversed because the court refused to permit counsel of the defeated party to comment on evidence not in the record; so that, where it is conceded that the court properly sustained plaintiff's objection to exhibiting scars on his person to the jury, it was not reversible error to deny defendant's counsel the right to comment on such objection in his argument to the jury.

9. APPELLATE PRACTICE: Harmless Error: Statute.  In view of the provisions of section 2082, Revised Statutes 1909, judgments should not be reversed on trivial grounds.

Appeal from St. Louis City Circuit Court.—*Hon. William B. Homer*, Judge.


AFFIRMED.

*Watts, Dines, Gentry & Lee* for appellant.

(1) The demurrer to the evidence should have been sustained. When the allegations of the petition concerning failure to box, or otherwise guard, the shaft are eliminated, there is nothing, in substance, left but the charge that the defendant was negligent in ordering the plaintiff to work at cleaning the shaft while it was moving, without warning plaintiff. It appears from the evidence that the risk of doing this work was one that was perfectly apparent and which the plaintiff was capable of appreciating, and one that was not fraught with danger, if the plaintiff was careful. Hence the injury resulted from one of the ordinary risks assumed by this servant, and it was not negligence to fail to warn him. Herbert v. Shoe Co., 90 Mo. App. 305; Nugent v. Milling Co., 131 Mo. 241. (2) The court erred in stopping defendant's counsel, in his argument to the jury, from commenting upon the fact that plaintiff's counsel had, by his objection, prevented the jury from having an opportunity to inspect the scars and marks which the doctors, who testified for plaintiff, claimed existed upon his body. This amounted merely to a comment upon the failure of plaintiff to offer certain evidence, or permit it to be offered, and upon his conduct in willfully suppressing such evidence. Stagner v. Hall, 119 Mo. App. 281; Brandt v. Schuchmann, 60 Mo. App. 70; Ryans v. Hospes, 167 Mo. 342; Tobin v. Shaw, 45 Me. 331; Huntsman v. Nichols, 116 Mass. 521; Gavigan v. Scott, 51 Mich. 373; Gray v. Buck, 19 Tex. 228; Bunce v. McMahon, 6 Wyo. 204; Baxter v. Railroad, 116 Mich. 188.

*George Safford* for respondent.

(1) The demurrer to the evidence was properly overruled. (a) To justify an employee in refusing to obey an instruction of the master, he must not only have knowledge of physical conditions, but also of the danger arising therefrom. Clippard v. Transit Co., 202 Mo.

447; Hanman v. Coal & Coke Co., 156 Mo. 232; Pullman Car Co. v. Harkins, 55 Fed. 932; Geo. Matthews Co. v. Bouchard, 8 Quebec Q. B. 550. (b) An employee cannot, even by express contract, assume the risk arising from negligence of the master. Pauck v. Dressed Beef Co., 159 Mo. 477; Curtis v. McNair, 173 Mo. 274; Cole v. Ry., 183 Mo. 94; Railroad v. O'Brien, 161 U. S. 457; Railroad v. Archbold, 170 U. S. 671. (c) And such danger must, to justify him in refusing to obey the instruction and rely upon the implied assurance of safety arising therefrom, be so glaring and imminent that an ordinary, careful and prudent person of his age, experience and knowledge, would have declined to obey. Conroy v. Iron Works, 62 Mo. 35; Robertson v. Hammond Ice Co., 115 Mo. App. 524; Thompson on Negligence (2 Ed.), secs. 5378-9; Lawrence v. Ice Co., 119 Mo. App. 326; Stephens v. Railroad, 96 Mo. 212; Schroeder v. Railroad, 108 Mo. 332; Coombs Com. Co. v. Block, 130 Mo. 668. (2) Where objection is made and sustained, the defendant is not permitted to comment to the jury on the fact that such objection was made. Mitchell v. Borden, 8 Wend. 570; Hoxie v. Home Ins. Co., 33 Conn. 471; Kinney v. City of Springfield, 35 Mo. App. 107.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through defendant's negligence. Plaintiff recovered and defendant prosecutes the appeal.

At the time of his injury, plaintiff, a youth seventeen years and four months of age, was in defendant's employ in its shoe factory in the city of St. Louis. His occupation pertained to that of heeling shoes, but he received his injury from performing a task under the order of his foreman wholly aside and extra of the occupation mentioned. Together with others in charge of defendant's foreman, plaintiff was engaged in whitewashing the workroom occupied by himself and com-

panions. A revolving shaft, to which numerous pulleys and belts were attached, was operated at high speed horizontally across and near the ceiling of the room and this shaft is said to be about thirty feet in length. In the process of whitewashing the walls and ceiling, a quantity of the fluid fell upon the revolving shaft near the ceiling and the foreman and vice principal ordered plaintiff to remove the whitewash from the shaft by rubbing it off. It appears the shaft, which was then in motion, was about twelve or fourteen feet above the floor of the room and two or three feet beneath the ceiling, where it operated horizontally, and, because of these circumstances, plaintiff objected to undertaking the task of cleaning it off. After plaintiff demurred, he testifies, the foreman said, "You will have to do it or lose your job." "So I went up and done it." Plaintiff took a position on top of a wardrobe and stood thereon engaged in wiping the whitewash spots from the shaft as it rapidly revolved in propelling the machinery attached, when his jumper, or working coat, became entangled with a thumbscrew on the shaft and occasioned his injuries. It appears a small thumbscrew extends slightly from the shaft at every bearing where pulleys are attached, some four or five feet apart, and that plaintiff's jumper, or coat, was caught by one of these in such a manner as to make him fast to the moving shaft and revolve him around therewith. From being so caught, he was whirled around the shaft for several revolutions and until every shred of clothing, save his stockings and shoes, was torn from his body, and he was thrown to the side of the room on a table with such force as to break it. He thus received painful and serious injuries, though they may not be permanent. The extent of his injuries is unimportant, however, on this appeal, as no point is made with respect to the matter.

The allegation of negligence relied upon in the petition goes to the effect that defendant breached its duty

to exercise ordinary care for plaintiff's safety, by order-ing him to perform the task mentioned, outside of his regular employment, in view of his ignorance. as to the condition that obtained about the shaft, without first warning him as to its dangers. It is argued that the failure to warn is not available to plaintiff in the cir-cumstances of the case, for it appears that the danger was open and obvious and that he knew about it as well as the master. Though it be true as a general proposition that one may not predicate a breach of duty on a mere failure to warn the servant with respect to an open and obvious danger which is well known, as was determined in Stegmann v. Gerber, 146 Mo. App. 104, 123 S. W. 1041; Herbert v. Mound City, etc., Co., 90 Mo. App. 305; Nugent v. Milling Co., 131 Mo. 241, 33 S. W. 428, it is true as well that such an improvident order from the vice principal to a servant without experience about the particular task, unaccompanied with warning as to its dangers which are known to the master, or may be by ordinary care, and are unknown to the servant, evinces a breach of duty for which an action will lie, if injury result therefrom. Such is the accepted rule of decision and it is eminently just and fair. [Dowling v. Allen, 102 Mo. 213, 14 S. W. 751; s. c. 88 Mo. 293; s. c. 74 Mo. 13; s. c. 6 Mo. App. 195.] Defendant's foreman and vice principal gave testimony to the effect that, though he knew the task was a dangerous one, he omitted to in-struct or warn plaintiff as to such dangers, and it ap-pears as well that he knew of the several thumbscrews which protruded slightly from the shaft but neverthe-less sufficient to entangle one's clothing while working thereabout. Plaintiff's evidence tends to prove he had no knowledge whatever of the extraordinary dangers, for he was wholly unfamiliar with the shaft except to see it above as he worked at heeling shoes below. There is naught in the case suggesting that he knew of the pro-truding thumbscrews, for indeed nothing appears to in-dicate that he ever saw the shaft when it was not in

rapid motion. It is obvious to all that such protruding thumbscrews affixed to a rapidly moving shaft suspended twelve to fourteen feet above the floor in a factory are not noticeable through such a casual inspection as a servant employed beneath is likely to make, especially when his usual duties do not require him to work about the shaft or come in contact therewith. In view of these facts, we entertain no doubt whatever as to a showing of negligence against defendant; for, indeed, if the evidence is to be believed, and the jury found that it was, we can imagine nothing more careless than ordering an inexperienced servant to work upon, by rubbing, such a rapidly revolving shaft suspended near the ceiling of the room, without warning him as to such dangers as inhered in the protruding thumbscrews, not open and obvious to view except when the shaft was stationary. [Railroad Co. v. Fort (17 Wall), 84 U. S. 553; Norfolk, etc. Co. v. Hight, 59 Neb. 101; Jones v. Cotton Mills, 82 Va. 141.]

But it is said, though it appears defendant was negligent, plaintiff should be denied a right of recovery, for the reason he was negligent, too, in undertaking to perform the task, though he was ordered to do so. It is suggested that as he objected to going about it when first ordered to do so, it is obvious he knew of the dangers which beset the undertaking. It does not appear that plaintiff knew of the protruding thumbscrews, and if it did, he would not be declared negligent as a matter of law on this account alone, for a servant is not required to refuse to perform such an undertaking or suffer being declared negligent in law, even though he has knowledge of a defect in the appliance, if an ordinarily prudent person might believe that he could execute the order with reasonable safety to himself by exercising high care to that end. [Shortel v. City of St. Joseph, 104 Mo. 114, 16 S. W. 397; Huhn v. Mo. Pac. R. Co., 92 Mo. 440, 4 S. W. 937.] It is only when the defect or danger obviously threatens immediate and imminent peril to

such an extent that fair minds must agree no ordinarily prudent person would encounter it that one's right of recovery may be denied as a matter of law on the ground of contributory negligence. [Shortel v. City of St. Joseph, 104 Mo. 114, 16 S. W. 397; Garaci v. Hill-O'Meara Const. Co., 124 Mo. App. 709, 102 S. W. 594; Herbert v. Mound City, etc. Co., 90 Mo. App. 305.] Where such does not appear, the matter of contributory negligence is for the jury. [Settle v. St. Louis & S. F. R. Co., 127 Mo. 336, 30 S. W. 125; Garaci v. Hill-O'Meara Const. Co., 124 Mo. App. 709, 102 S. W. 594; Huhn v. Mo. Pac. R. Co., 92 Mo. 440, 4 S. W. 937.] The court did not err in referring the question of plaintiff's contributory negligence to the jury.

Touching the suggestion that plaintiff assumed the risk incident to the work of wiping off the whitewash spots from the revolving shaft by undertaking to do so, it may be said that such was no part of his regular employment and therefore not a risk ordinarily incident thereto. On the contrary, the task thus undertaken was wholly outside of his regular occupation and about a moving shaft with which he was unfamiliar and was therefore a risk falling within the category of extra hazards. According to the proof, after protesting, plaintiff was ordered to go upon the wardrobe and wipe the whitewash from the shaft, on pain of "losing his job" if he refused. The sum and substance of the law of assumed risk is, that the employee, besides thoroughly comprehending and appreciating the danger, must freely accept it, for it rests upon the idea of assent. Therefore, though one may know and understand the task he is ordered to do involves considerable dangers and encounters them because of coercive influence, as here, the doctrine is entirely without application. Unless the risk is voluntarily assumed, in no instance is a right of recovery debarred by proceeding to execute the master's order and especially is this true as to risks arising from extra hazards entered upon under coercion. Besides where

coercion is present, the principle of estoppel interposes against the master. [Dean v. St. Louis Woodenware Works, 106 Mo. App. 167, 180, 80 S. W. 292; Shearman & Redfield on Negligence (5 Ed.), sec. 211a. See also secs. 186, 186a; Jackson v. Georgia R. R., 77 Ga. 82; Mahoney v. Dore, 155 Mass. 513.] On the proof made, this question, like that of defendant's negligence and plaintiff's contributory negligence, was one for the jury.

Plaintiff received injuries about his back and body and testified to numerous scars which appeared thereon. During his examination, defendant's counsel inquired of plaintiff if he would be willing to remove his shirt and exhibit his scars to the jury and he answered that he would. But plaintiff's counsel immediately interposed an objection thereto, whereupon defendant's counsel remarked that if there was objection, he would not urge the matter, and the court sustained the objection. Thereafter, during the argument of the case, defendant's counsel commented upon the fact that plaintiff and his physicans testified to scars, but objected to exhibiting them to the jury, etc. On objection being made by plaintiff's counsel to this line of comment, it was sustained by the court and it is now argued such is reversible error, for the reason the fact that plaintiff's counsel objected to exhibiting the scars was a legitimate matter of comment. We believe it is universally true that judgments are not to be reversed for the refusal of the court to permit counsel to comment upon evidence which is not in the record. It is conceded the court properly sustained plaintiff's objection and excluded the exhibition of scars on plaintiff's person from the jury. This being true, we are unable to perceive that there is reversible eror in denying to defendant the right to comment on plaintiff's objection to incompetent evidence. At any rate, judgments should not be reversed on such trivial grounds, especially in view of our statute, section 2082 Revised Statutes 1909, which commands that no judgment shall be reversed unless the court shall believe

error was committed against the party complaining which, materially affected the merits of the action. Where the court permitted such comment on the objection of adverse counsel to the reception of evidence, instead of denying it as here, and the judgment was in favor of the party so commenting, the Supreme Court of Michigan denied its being sufficiently material to operate reversible error, even in favor of the party whose objection to the evidence was rightly sustained. [See Baxter v. Detroit Ry., 116 Mich. 108.] *A fortiori* should the principle of that case obtain here. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.